THOMAS WINSTANLEY, interpleading,

*v.*

THE PEOPLE *ex rel.* The City of East St. Louis.

1. MANDAMUS—*interpleader not allowable.* Section 7 of chapter 87, Rev. Stat. 1874, entitled "Mandamus," does not give to any person who has or claims an interest in the subject matter of a mandamus proceeding, the right to interplead and become a plaintiff and ask affirmative relief. The purpose of the statute appears to be to make any person against whom the writ might properly issue a party defendant.

2. SAME—*what is matter of defence.* If some person other than the relator is entitled to the writ, that would be matter of defence, and could not be availed of by interpleader.

APPEAL from the Appellate Court of the Fourth District; the Hon. TAZEWELL B. TANNER, presiding Justice, and the Hon. JAS. C. ALLEN and Hon. GEO. W. WALL,* Justices.

Messrs. WILDERMAN & HAMILL, Mr. JOHN B. BOWMAN, Mr. R. A. HALBERT, and Mr. R. A. D. WILBANKS, for the appellant.

Messrs. G. & G. A. KŒRNER, and Mr. M. MILLARD, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a suit wherein the city of East St. Louis was the relator, brought in the circuit court of St. Clair county, to compel Herman G. Weber, county collector of St. Clair county, to pay over to Henry Jackiesch the money in his hands on the 30th day of August, 1878, by him collected under the general revenue law as city taxes for 1876 and 1877.

The petition filed September 17, 1878, sets forth that on June 4, 1878, Henry Jackiesch was, in the absence of the mayor, by an "acting mayor" appointed city treasurer, and confirmed by the city council on that day. That on August 21, 1878, the city council passed a resolution "that Henry Jackiesch, as financial agent of East St. Louis, be and is hereby authorized and instructed to demand and receipt for all city taxes now or hereafter collected by Herman G. Weber, county collector," etc. That Weber, as collector, had on August 30, 1878, $65,000 of the city taxes in his hands; that on that day Jackiesch demanded it, and Weber refused to pay it over.

Weber answered, alleging, as ground of refusal to pay over the money, that Jackiesch was not city treasurer, and was not authorized by law to receive the taxes from the collector; but that Thomas Winstanley, who, under the act of April 10, 1875, Laws 1875, p. 41, had been appointed by the mayor as a suit-

---

* Judge WALL did not sit in the cause upon the hearing of the appeal in the Appellate Court, having tried the case as judge upon the circuit.

able person to discharge the duties of the vacant city treasurer's office, was the person who under the law was authorized to receive the money from him.

On September 23, 1878, Winstanley filed a so-called interpleader in the case, alleging that he was acting treasurer of the city; that the mayor having before removed Jackiesch from the office of city treasurer, he, on the 16th day of August, 1878, appointed him, Winstanley, as a suitable person to discharge the duties of the then vacant city treasurer's office, and that he had since been in the discharge of the duties of the office; that since his appointment there had not been a regular meeting of the city council to which the mayor might have reported his action, and that the suit was never authorized by the city, and that the use of its name therein was fraudulent and void.

On the same day the mayor of the city made a motion to dismiss the suit, and submitted affidavits in support thereof to the effect that neither the mayor nor the city council authorized or consented to the bringing of the suit, and setting up the want of authority in Jackiesch, and authority in Winstanley, to receive the money from the collector. . This motion was resisted by certain members of the city council, being a majority of the aldermen, and counter affidavits filed. The court overruled the motion to dismiss.

The charter of the city provides that the city council may appoint certain officers, including the treasurer, "and such other officers and agents as they shall deem necessary for the proper execution of the powers conferred upon them." (Art. 3, sec. 2.)

Upon trial of the cause by the court without a jury, the court found it to be the duty of the collector to pay the money over to Jackiesch, and not to Winstanley, and awarded a peremptory writ of mandamus to pay over the money to Jackiesch, and dismissed Winstanley's application with costs. Winstanley alone appealed to the Appellate Court for the Fourth District, where the judgment of the circuit court was affirmed.

The present appeal is by Winstanley from the judgment of the Appellate Court.

The claim of Winstanley to intervene in this cause appears to be based upon section 7 of the chapter of the Revised Statutes of 1874, p. 691, entitled "Mandamus," which is as follows:

"If, after the filing of any such petition, any other person than the original defendant shall appear to the court to have or claim any right or interest in the subject matter, such person may be made a defendant, and may be summoned to appear and plead, answer or demur, in the same manner as if he had been made defendant to the original petition."

We do not consider that this section gives to any person who has or claims an interest in the subject matter the right to interplead and become a plaintiff and ask affirmative relief. Its purpose appears to be to make any person against whom the writ might properly issue a party defendant, and to that end it provides that he may be summoned and compelled to plead, answer or demur. It provides for the bringing in of a person to defend, and not for the coming in of one as an actor, and contemplates the case of a person who might properly have been made the defendant in the original petition, saying that he may be summoned to defend in the same manner as if he had been made defendant to the original petition. If some person other than the relator was entitled to the writ, that would be matter of defence.

Winstanley appears here in the attitude of one who insists on becoming plaintiff in a suit he did not bring, and of one who complains of a judgment rendered in a suit to which he was not a party. If he deemed himself entitled to the money he might have brought his action for it; and if he was the city treasurer, he could have compelled Jackiesch, who was merely authorized to collect the money, to pay it over to him when collected.

We are of opinion that the interference of Winstanley in the suit was unauthorized, and that he was properly dismissed

out of the case by the circuit court, and that he having no interest in the suit, is not in a position to question the judgment rendered against Weber. The judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*