## Addison P. Higgins et al. v. The City Council of the City of Galesburg.

1.   MANDAMUS—*Notice of the Presentation of a Petition for Mandamus to the City Council—Sufficient Designation of the Meeting.*—Where a petition for mandamus averred that the relators filed their petition to the city council for the disconnection of territory with the city clerk on December 7th, and notified him that they desired it presented in the city council at its next regular meeting on December 17, 1900, it was held to be a full compliance with the statute as to the designation of the meeting to which such relators proposed their petition should be presented.

2.   CITIES AND VILLAGES—*Duty of the Clerk to Present Petitions.*—It is the duty of the city clerk to present to the city council, at its next regular meeting, all petitions to that body which have been filed with him.

3.   PARTIES—*In Mandamus Proceedings.*—The usual and most approved practice in mandamus proceedings is to file the petition in the name of the people, although there are numerous cases where the petition has been filed in the name of the parties seeking relief.

4.   APPELLATE COURT PRACTICE—*In Mandamus Cases Where the Issues of Fact Remain to be Settled.*—The Appellate Court will not

award a peremptory mandamus where issues of fact in the court below remain to be settled.

**Mandamus.**—Appeal from the Circuit Court of Knox County; the Hon. GEORGE W. THOMPSON, Judge, presiding. Heard in this court at the April term, 1901. Reversed and remanded. Opinion filed July 12, 1901.

WILLIAMS, LAWRENCE & WELSH, attorneys for appellants.

ARMOR MORELAND, attorney for appellee; J. A. McKENZIE, of counsel.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Addison P. Higgins and three others filed a petition in the court below against the city council of the city of Galesburg for a mandamus to compel said city council to disconnect from the city of Galesburg 440 acres of land owned by them, lying upon the border and within the boundary of said city, and not laid out into city or village lots or blocks. The petition was afterward amended. It showed a compliance with all the requirements of the act of 1879 relating to the disconnection of territory from cities and villages. Defendant filed seven pleas. The first three denied the ownership of the land and the filing of a petition with the city council as by the act required, and on these pleas issues of fact were joined. Defendant further pleaded : fourth, that when petitioners filed their petition with the city clerk they did not in any legal and binding manner designate any meeting of the city council at which it was proposed to present said petition; fifth, that the petition to the city council did not mention any meeting of the city council at which it was proposed to present said petition, nor was any paper thereto annexed or filed therewith, designating any meeting of the city council at which it was proposed to present said petition; sixth, that the only designation by petitioners of a time at which it was proposed to present said petition to the city council was an oral notice to the city clerk that they desired him to present the petition at the meeting of December 17, 1900; seventh, that

defendant refused to grant the petition because in its honest judgment, under all the facts and circumstances the petition ought not to be granted. Petitioners replied to the fifth plea, setting up in detail the dates of the regular semimonthly meetings of the city council; that one of said dates was December 17, 1900; that on December 7, 1900, petitioners presented their petition for the disconnection of said territory to the city clerk and he then filed it; that presentation of petitions was one of the regular orders of business under the rules of said city council; that at its regular meeting on December 17, 1900, said petition was by said city clerk presented and read to the city council, and by the latter referred to a committee, which, at the next regular meeting on January 7, 1901, reported that the petition was insufficient, and the facts under the law would not justify the allowance of the petition; and the city council then approved said report. Defendant demurred to this replication and petitioners demurred to the fourth, sixth and seventh pleas. The court sustained the demurrer to the seventh plea and the demurrer to the replication to the fifth plea, and carried the demurrer to the fourth and sixth pleas back to the petition as amended, and sustained it thereto. Petitioners elected to stand by their demurrer to the fourth and sixth pleas, and the court dismissed the petition at petitioners' costs. This is an appeal by petitioners from that judgment.

The petition stated a case which, under Young v. Carey, 184 Ill. 613, entitled petitioners to a writ requiring the city council to pass an ordinance disconnecting said territory from the city of Galesburg. The main argument of appellee here is answered by that decision. It is our duty to follow and apply the rule there laid down. The petition as amended averred that petitioners filed their petition to the city council with the city clerk on December 7, 1900, and then notified him petitioners desired it presented to the city council at its next regular meeting on December 17, 1900; that the next regular meeting was to be held and was held on December 17, 1900; and that the petition was

by the city clerk presented and read to the city council at said meeting on December 17, 1900. It is argued there should have been some other and more formal designation of the meeting at which it was proposed to present the petition. The petition was lodged in the only proper office and with the only proper officer, ten days before the next regular meeting of the city council, and that officer was then notified petitioners desired the petition presented to the city council at that next regular meeting. We consider this a full compliance with the statute as to the designation of the meeting to which it is proposed the petition shall be presented. It was the duty, also, of the city clerk to present to the city council at its next regular meeting all petitions to that body which had been so filed with him. The petition having contained these averments we are of opinion that the fourth, fifth, sixth and seventh pleas did not present any defense. The court should have sustained the demurrer to the fourth and sixth pleas, and should have carried the demurrer to the replication to the fifth plea back to said fifth plea and sustained it thereto. The demurrer should not have been carried back to the petition. ·

Appellee suggests the petition should have been filed in the name of the People on the relation of Higgins and others. Such is the usual and best approved practice, but Young v. Carey, *supra*, and Peotone Drainage District v. Adams, 163 Ill. 428, are examples of numerous cases where the petition has been filed in the names of the parties asking relief. Appellant asks us to direct the court below to award a peremptory mandamus. This we are unable to do because of the issues of fact joined upon the first three pleas. If those issues shall be determined against petitioners they will not be entitled to the writ. The judgment is reversed and the cause remanded.