William D. Voss et al., Petitioners, v. William Prentiss et al., Defendants, On Appeal of William Fitzgerald et al.

## Gen. No. 14,966.

1. MANDAMUS—*who can obtain affirmative relief.* The defendants in a *mandamus* proceeding who may by showing a superior right defeat a petition for *mandamus,* may not themselves have affirmative relief.

2. MANDAMUS—*who may be petitioners.* It is not essential in all cases that a petition for *mandamus* be filed in the name of the People; such petitions are properly filed in the names of the persons seeking the relief.

3. Mandamus—*what final order.* A final order is entered where the court decrees that a peremptory writ of *mandamus* issue as prayed and that the petitioners recover their costs, and judgment therefor is entered against the defendants.

4. Mandamus—*when court without jurisdiction to enter orders.* After final order in a *mandamus* case and the lapse of the term at which it was entered, the court loses jurisdiction to enter any order in the cause.

*Mandamus.* Appeal from the Superior Court of Cook county; the Hon. Ben M. Smith, Judge, presiding. Heard in this court at the October term, 1908. Dismissed. Opinion filed May 2, 1910. Rehearing denied May 16, 1910.

Fyffe & Adcock, for appellants; Colin C. H. Fyffe, of counsel.

Hoyne, O'Connor, Hoyne & Irwin, for appellees; Maclay Hoyne, of counsel.

Mr. Presiding Justice Holdom delivered the opinion of the court.

The petition in this cause, four times amended, sought a *mandamus* against the Civil Service Commissioners of Chicago, the Chief of Police and the Comptroller of Chicago. Relief finally prayed in the fourth amendment filed February 8, 1908, is as follows, viz:

"Forasmuch as your petitioners can only have relief for the grievances herein complained of by the issuance of a writ of *mandamus,* therefore, your petitioners pray that the Honorable, the judges of the Superior Court of Cook County, grant the relief prayed for to your petitioners in the premises, by the issuance of a writ of *mandamus,* issued and directed to the following named defendants: Elton Lower, Zina R. Carter and Michael L. McKinley, as Civil Service Commissioners of the City of Chicago, and to George M. Shippy as General Superintendent of Police of the City of Chicago, and to Walter H. Wilson as comptroller of said City of Chicago, commanding them, and each of them, respectively, to do

every act and thing devolving upon them by law as such officers for the certification, nomination and appointment of William D. Voss, Robert J. Blaney, John J. Gavin and John Q. Reilly, in and about the promotion of said aforementioned parties to the positions of desk sergeant, and patrol sergeant, under and in accordance with the provisions of the Civil Service Law of the State of Illinois, now in effect in the City of Chicago, and particularly directed to Elton Lower, Zina R. Carter and Michael L. McKinley, comprising the Civil Service Commission of the City of Chicago, commanding them as the members of the Board of Civil Service Commissioners to vacate and set aside, immediately, an order or resolution adopted and entered of record by the said Civil Service Commission on November 9, 1906, directing and ordering a consolidation of the three separate lists or registers of persons eligible for certification to fill by promotion a vacancy or vacancies in the office of desk sergeant, patrol sergeant and detective sergeant of the Police Department of the City of Chicago, and particularly directed to George M. Shippy, now General Superintendent of Police of the City of Chicago, commanding him to notify in writing said Civil Service Commission of all vacancies existed or created since November 9, 1906, to the present time, in the office or position in the Police Department of said City of Chicago, known and designated as desk sergeant, patrol sergeant and detective sergeant, and sergeant of police, assigned to perform the duties of desk sergeant, patrol sergeant and detective sergeant of the Police Department of the city of Chicago, and particularly directed to the said Civil Service commissioners, commanding them to certify to the said General Superintendent of Police, the names of the persons eligible for promotion from each of said separate lists and registers existing prior to the date of the entry of the order of consolidation hereinabove referred to and particularly to certify from the list or promotional register, the names of William D. Voss, Robert J. Blaney and John J. Gavin as candidates for promotion to the position of desk sergeant, or sergeant of police assigned to perform

the duties of desk sergeant, and to certify the name of John Q. Reilly from the list or promotional register of patrol sergeant for promotion to the position of patrol sergeant, or sergeant of police, assigned to perform the duties of patrol sergeant in manner and form as by law and the rules of said Civil Service Commission is required to be done, and particularly directed to the said General Superintendent of Police, commanding the said General Superintendent of Police to take such steps in regard to such applicants and candidates so certified to him for promotion by said Civil Service Commission, as he is by Civil Service law and rules adopted under the provisions thereof required to take, commanding him to promote upon receipt of proper certification by the Civil Service Commission William D. Voss, Robert J. Blaney, and John J. Gavin to the position of desk sergeant of the Police Department of the City of Chicago, or sergeant of the Police Department of the City of Chicago, assigned to perform the duties of desk sergeant of the Police Department of the City of Chicago; commanding him to promote upon receipt of the proper certification by the Civil Service Commission, John Q. Reilly to the position of patrol sergeant of the Police Department of the City of Chicago, assigned to perform the duties of patrol sergeant of the Police Department of the City of Chicago, and commanding and directing him, the said General Superintendent of Police, to immediately notify the said Civil Service Commission of such promotion and appointment, and particularly directed to said Civil Service Commission, commanding such Civil Service Commission immediately upon the receipt of the notice of selection and promotion from the General Superintendent of Police of the persons aforementioned to the positions aforementioned, to certify the name of such appointees to Walter H. Wilson, comptroller of the said City of Chicago as the legally qualified appointees to the positions aforementioned, entitled in accordance with law to receive the pay and compensation provided by law and city ordinances to the incumbents of each respective position; and particularly directed to the said Walter

H. Wilson, comptroller of the said City of Chicago, commanding said comptroller to place the names of William D. Voss, Robert J. Blaney, John J. Gavin and John Q. Reilly, and such other names as may be certified to him on the list of officers of the Police Department of the City of Chicago, under the name and style of desk sergeant, patrol sergeant and detective sergeant and sergeant of police thereof, assigned to perform the duties of desk sergeant, patrol sergeant and detective sergeant of the Police Department of the City of Chicago, whereby said aforementioned parties shall be entitled to lawfully draw the respective compensation or salary due them and to issue to them and each of them such voucher or memorandum in writing as is by law and the city ordinances of the City of Chicago required to be done, whereby each of the aforementioned parties shall have his name and occupation placed upon the payroll required to be kept of the public employes of the City of Chicago, all in manner and form and in accordance with law and the city ordinances of the City of Chicago.   And particularly directed to each and all of the defendants, Elton Lower, Zina R. Carter and Michael L. McKinley, George M. Shippy and Walter H. Wilson in their official capacities to do and perform all, and all manner of action or proceeding required of each and of all such persons by the terms of the Civil Service Act, Rules and Regulations adopted by the Civil Service Commissioners, and the city ordinances of the City of Chicago whereby the mandate of this court may be fully performed and satisfied, whether they and each of them be thereunto specifically ordered and commanded herein to do, or not to do, and perform.''

The appellant Fitzgerald on May 1, 1907, by leave of court filed an intervening petition, seeking to be made a party defendant to the *mandamus* proceeding, averring as a reason why he should be made such party, that he was a person ''claiming an interest in the subject-matter of this suit.''   No further action was taken or order made in the matter of the Fitzgerald petition, but on June 20, 1907, the petitioners

asked and obtained leave to file an amended petition, and in that document, afterwards filed in pursuance of such leave, Fitzgerald and the other appellants, together with other persons similarly situate, were added as defendants. The adding of such persons as defendants was in virtue of section 7, chapter 87, Revised Statutes, title "Mandamus." Such party defendant however would not be entitled to affirmative relief of any kind, notwithstanding it might be demonstrated that petitioners were not only not entitled to the writ, but that such defendants would be in a proceeding in which they were the actors, entitled to the writ themselves. Proofs of such character might constitute a complete defense and result in defeating the application for *mandamus*. Winstanley v. The People, 92 Ill. 402. Fitzgerald and other defendants interposed a general demurrer, which was by the court ordered to stand as a demurrer to the third amended petition, which being overruled Fitzgerald elected to stand by his demurrer and thereupon was defaulted. The remaining demurring defendants were by order of court, on their motion, allowed to adopt the answer theretofore filed by the defendants Patrick E. Wood and others as their own. Some of the defendants demurred and others answered the several amended petitions, and a number of orders were entered in relation thereto, which are not necessary to be set out here, as in the action which we have concluded to take on this appeal they become unimportant.

Many changes have been made in the names of the defendants, officials of the city of Chicago, to meet the varied exits from and accessions to the several offices occurring during the pendency of the proceeding in the trial court. The *mandamus* proceeding was started in the name of the petitioners, but the title of the case in many of the subsequent proceedings has, in the trial court and in this court, without any leave of court being asked or procured, been altered so

that it now stands in the name of the People of the State of Illinois upon the relation of the petitioners. We have disregarded such substitution as unauthorized and unnecessary. As said by the Court in Higgins v. City Council of Galesburg, 96 Ill. App. 471: "Appellee suggests that the petition should have been filed in the name of the People on the relation of Higgins and others. Such is the usual and best approved practice, but Young v. Carey *supra*,—184 Ill. 613—and Peotone Drainage District v. Adams, 163 Ill. 428, are examples of numerous cases where the petition has been filed in the names of the parties asking relief."

On February 17, 1908, the court overruled the demurrers of the defendants, the Civil Service Commissioners, the Superintendent of Police and the Comptroller, to the amended petition as amended February 8, 1908, being the final amendment, and these defendants electing to stand by their demurrer it was ordered that a peremptory writ of *mandamus* issue as prayed in the last mentioned amended petition, and that petitioners recover their costs, and judgment therefor was entered against defendants. This is a final order and disposed of the entire case. No appeal was either prayed or allowed therefrom to this Court. Consequently the record is not before us for review, and the law does not clothe us with jurisdiction to review it.

On April 4, 1908, for what reason does not appear, an order was entered dismissing the appealing defendants and others out of the case, and a writ of *mandamus* awarded with judgment for costs to the same purport and effect as the final judgment and order of February 17, 1908. The court was without jurisdiction to enter this later order and judgment, consequently it is a nullity, and the mere fact that none of the parties are complaining does not operate to restore the jurisdiction after it was lost. Neither motion nor order was made to vacate the first judg-

ment, so that after the lapse of the February term, 1908, of the Superior Court, that court had lost all power to enter any other order or disturb the record of its judgment solemnly pronounced. The defendants attempted to be dismissed out of the case by the last order were effectually out of court when the final judgment order was entered. They are not prejudiced because the cause was not formally dismissed as to them in the final judgment, and if they were, it is an all sufficient answer to say that they did not complain of the informality or register any protest at the non-action of the court in that or any other particular. Neither did they pray an appeal.

Not being clothed with jurisdiction to review the record before us on this appeal, the appeal is dismissed.

*Appeal dismissed.*