CHICAGO—FIRST DISTRICT—MAY, 1911.        305

People ex rel. Voss v. Lower, 162 Ill. App. 305.

People of the State of Illinois, ex rel. William D. Voss et al., Defendants in Error, v. Elton Lower et al., Plaintiffs in Error.

## Gen. No. 16,748.

1. WRIT OF ERROR—*who cannot maintain.* A writ of error cannot be maintained by persons who were not parties to the judgment and who are not directly affected thereby.

2. DIMISSALS—*rights of plaintiffs.* Where no counter relief has been asked by defendants a plaintiff may dismiss his suit either *in toto* or as to certain defendants when he sees fit regardless of any undisposed of pleas or demurrers that may have been filed.

3. MANDAMUS—*section 7 of Act construed.* By virtue of this section of the Mandamus Act the court is not bound to join any party who may appear and claim to have an interest; the right conferred by statute is discretionary.

4. RES JUDICATA—*when judgment in mandamus not.* A judgment in mandamus rendered in a proceeding which related to the civil service, is not *res judicata* as to the rights of persons not parties to the proceeding.

Mandamus. Error to the Superior Court of Cook county; the Hon. BEN M. SMITH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Writ dismissed. Opinion filed May 31, 1911. Rehearing denied and opinion modified and refiled June 16, 1911.

FYFFE & ADCOCK, for plaintiffs in error.

HOYNE, O'CONNOR, HOYNE & IRWIN, for defendants in error; MACLAY HOYNE and CARL J. APPELL, of counsel.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

This writ of error is prosecuted to reverse a judgment of the Superior Court of Cook County awarding a peremptory writ of *mandamus* in accordance with the prayer of an amended petition as amended, filed by William D. Voss, J.

306 APPELLATE COURTS OF ILLINOIS.

People ex rel. Voss v. Lower, 162 Ill. App. 305.

Blaney, John J. Gavin and John Q. Reilly, petitioners below and defendants in error here.

The proceedings and judgment in this cause was before this court on the appeal of William Fitzgerald in Voss v. Prentiss, 154 Ill. App. 609. The petition in the cause as amended and as now before this court in this proceeding is set out in the report of the case on that appeal, and it is unnecessary to restate the same or the proceedings in the court below had upon the petition.

The first question presented for consideration in this writ of error is whether the plaintiffs in error have a right to sue out this writ of error to review the judgment of the Superior Court entered February 17, 1908.

It is contended on behalf of plaintiffs in error that they were both proper and necessary parties to the petition in the Superior Court because they were vitally interested in the subject-matter of the petition and the judgment rendered. The plaintiffs in error had been appointed from the consolidated list, and it is claimed that if the consolidation of the lists was invalid as held by the Superior Court, their title to their positions was directly affected, although there was no prayer in the petition directly affecting the plaintiffs in error, nor does the judgment entered in the cause run against plaintiffs in error or in any wise directly affect them. The prayer of the petition was directed to the individuals composing the Civil Service Commission of the City of Chicago, and the judgment commanded them as members of the board of Civil Service Commissioners to vacate and set aside an order or resolution adopted and entered of record by the Civil Service Commissioners on November 9, 1906, ordering a consolidation of the three separate lists or registers of persons eligible for positions to be filled by promotion to vacancy or vacancies in the offices of desk sergeant, patrol sergeant and detective sergeant of the Police Department of the City of Chicago. The judgment sought to be reviewed by this proceeding, in pursuance of the prayer of the petition, directed the Civil Service Commissioners to certify to the General Superintendent of Police the names of the persons eligible

for promotion from each of the said separate lists and regis-
ters existing prior to the date of the entry of the order of
consolidation, and that the Comptroller not only place the
names of the four petitioners on the pay roll, but also such
other names as may be certified to him on the list of officers
of the Police Department of the City of Chicago. No re-
lief was asked against the plaintiffs in error in this proceed-
ing, and no judgment was entered against plaintiffs in error,
and it does not appear to us that the judgment directly af-
fects the plaintiffs in error, or either of them, in any particu-
lar whatsoever. It does not bind them, as they were not
parties to the judgment; and the question is, can these plain-
tiffs in error, who were not parties to the petition and are not
parties to the judgment, and who are not directly affected by
the judgment, maintain the present proceeding for the pur-
pose of reversing that judgment.

The plaintiffs in error here are in an anomalous position.
They are complaining of a judgment which was not rendered
against them, which was entered in a suit that they did not
bring or in which they had prayed any relief. If they are
still enjoying the offices or positions to which they were ap-
pointed it does not appear that they will necessarily be re-
moved or in any wise affected in their positions by the judg-
ment entered against the Civil Service Commissioners, and
the Superintendent of Police and Comptroller. Although the
plaintiffs in error were made parties to the proceedings be-
low, the suit was dismissed as to them and the judgment of
the court was pronounced against the original defendants and
commands them to do certain things. Voss v. People, *supra.*
In that case the court said: "The defendants attempted to.
be dismissed out of the case by the last order were effectual-
ly out of court when the final judgment order was entered.
They are not prejudiced because the cause was not formally
dismissed as to them in the final judgment."

The elementary rule is that where no counter relief has
been asked by defendants, the plaintiff may dismiss his suit
either *in toto* or as to certian defendants, whenever he sees
fit regardless of any undisposed of pleas or demurrers that

may have been filed. If this should result in an erroneous judgment against the remaining defendants, they alone can complain.

It is claimed, however, that by virtue of section 7 of the statute on mandamus, persons not ordinarily defendants may appear before the court and set up any claim, right or interest in the subject-matter and may be made defendants and may be required to answer or demur in the same manner as if they had been made defendants to the original petition. This provision of the statute gives the court a discretion to admit as defendants any persons who may claim a right or interest in the subject-matter of the suit. This discretion is undoubtedly a reasonable discretion. The court is not bound to order any party joined as defendant who may appear and claim to have an interest, but where no substantial interest in the subject-matter is shown, and the party does not show by his pleadings that his rights will be directly affected by the judgment of the court. If a party under this section appears and asks to be made a party defendant, but does not exhibit any substantial interest in the subject-matter, and it appears to the court that he has been improvidently joined as a defendant, we think it beyond question that such party may be dismissed out of court.

In Winstanley v. The People, 92 Ill. 402, it was held that this section does not permit any interpleading nor the asking of affirmative relief by parties who have but a remote or theoretical interest in the subject-matter, and that the statute merely contemplates the bringing in of such persons as defendants against whom the writ might properly issue. It is nowhere shown in the proceedings now before the court how any writ could have been issued against the plaintiffs in error or either of them.

The petitioners, who were only four in number, asked for a writ commanding that they be certified for promotion and appointed to certain positions. Their petition sets forth that there are more than four vacancies in such positions. They can be appointed, therefore, without displacing anybody else. In any event the thirty-four plaintiffs in error could

not possibly all be displaced by the appointing of the four petitioners, nor is there any means of knowing from the record before us which ones, if any, would be displaced by such appointments, and which ones, if any, would have any interest in the subject-matter. Some of them would certainly have no such interest, and there is little likelihood that any of the others would have such interest.

The record shows that the plaintiffs in error had satisfactorily passed the examination for detective sergeant, and later had been appointed to sergeancy positions, but as the record further shows that fifty-seven of the sergeancies were detective sergeancies to which petitioners do not claim any right whatever, it does not appear that plaintiffs in error could be in any manner affected by any readjustments in the offices or positions of desk or patrol sergeants incident to the appointment of the petitioners in the proceeding to these positions. It is to be observed that the petition for a *mandamus* nowhere asks that any examination held by the Civil Service Commissioners be set aside. If Fitzgerald or any of the plaintiffs in error took the examination for detective sergeant or other positions, and were appointed to such positions, there is nothing apparent in the record before us that either Fitzgerald or any of the plaintiffs in error would lose their positions or be otherwise injured by the advancement of the four petitioners to the positions of desk and patrol sergeants. Fitzgerald, however, no longer complains of the judgment below, he being one of the eleven appointed from the consolidated list, who, together with the City of Chicago and its officials, refused to appear and assign errors, and consequently were severed by an order of this court entered October 14, 1910.

We think it is sufficiently clear that the judgment of the court below was not and is not *res adjudicata* as to any of the rights of any of the plaintiffs in error, nor does it directly affect or necessarily affect the rights of plaintiffs in error. The mere fact that it commands the appointment of the four petitioners would not necessarily oust any of the plaintiffs in error from the positions which they occupy, nor

does the destruction of the consolidated list of appointments, which the judgment commands, necessarily affect the positions of plaintiffs in error because at the date of the judgment the plaintiffs in error were not in said consolidated list. Plaintiffs in error had already been appointed to their present positions from said list when the judgment complained of was rendered, and consequently their names no longer appeared on that list, nor would they be affected by the judgment ordering its cancellation. The characterization of the attitude of Winstanley by the Supreme Court in Winstanley v. People, supra, expresses very succinctly and clearly the position of the plaintiffs in error with reference to the judgment which they seek to reverse. The court said, "Winstanley appears herein in the attitude of one who insists upon becoming plaintiff in a suit he did not bring, and one who complains of a judgment rendered in a suit to which he was not a party."

We are of the opinion that the plaintiffs in error are not shown to be in any wise affected by the judgment sought to be reviewed, and they therefore have no right to complain of the judgment. In view of this conclusion it is unnecessary for us to consider and pass upon the other questions raised by the record in this case. The writ of error must be dismissed.

*Writ dismissed.*