THE PEOPLE *ex rel.* William D. Voss *et al.* Appellees, *vs.* JAMES D. O'CONNELL *et al.* Appellants.

*Opinion filed December 21, 1911.*

1. APPEALS AND ERRORS—*only parties to a suit may appeal, but a writ of error is not so limited.* Only parties to a suit may appeal, as that is a privilege conferred by statute and is only given to the parties, but a writ of error is not so limited in its application, and, being a new suit, may be prosecuted as a matter of right in civil cases by anyone who is a party or privy to the record, or who is injured by the judgment or is competent to release error.

2. MANDAMUS—*Mandamus act contemplates that rights of all persons interested shall be adjudicated in one suit.* The purpose of the provision of the Mandamus act authorizing the court to require any person to be made a defendant who claims or appears to the court to have an interest in the subject matter, is to have the rights of all persons having or claiming an interest in the subject matter adjudicated in one proceeding.

3. SAME—*when policemen may sue out writ of error to reverse mandamus judgment.* Police officers who were originally made defendants to a *mandamus* suit but against whom the petition was dismissed by an order entered *nunc pro tunc* as of the day the judgment ordering the writ as prayed was rendered are entitled to a writ of error to reverse such judgment, even though the judgment would not be *res judicata* as to their rights and interests, where the effect of the judgment is a decision that their appointment is illegal, as in such case they will be directly benefited by a reversal. (*Winstanley* v. *People,* 92 Ill. 402, distinguished.)

APPEAL from the Appellate Court for the First District;—heard in that court on writ of error to the Superior court of Cook county; the Hon. BEN M. SMITH, Judge, presiding.

FYFFE & ADCOCK, for appellants.

HOYNE, O'CONNOR & IRWIN, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellants sued out a writ of error from the Appellate Court for the First District to bring before that court for review the record of a *mandamus* proceeding in the superior court of Cook county, and assigned errors upon the record certified and returned by the clerk of the superior court. The Appellate Court refused to consider the errors assigned, and dismissed the writ of error on the ground that the appellants had no right to the writ because they had no interest in the subject matter of the suit and were not affected by the judgment. The Appellate Court granted a certificate of importance and an appeal to this court.

The appellees, William D. Voss, Robert J. Blaney, John J. Gavin and John Q. Reilly, filed their petition for *mandamus* in the superior court, and the amended petition made the city of Chicago, the civil service commissioners, the su-

2 5 2 — 2 0

perintendent of police, the city comptroller, the appellants, (thirty-four police officers,) and ten other policemen, defendants. The amended petition represented that the petitioners were policemen of the city of Chicago; that prior to November 9, 1906, the civil service commissioners, in the classification of positions in the police department, had kept three separate lists for detective sergeants, patrol sergeants and desk sergeants; that Voss, Blaney and Gavin had taken promotional examinations for the position of desk sergeant and secured a percentage which entitled them to be placed on the eligible list for that position, which was done; that Reilly had taken a promotional examination for the position of patrol sergeant and secured a percentage which entitled him to be placed on that eligible list, which was done; that on said November 9, 1906, the civil service commissioners adopted a resolution reciting that all of the sergeants in the three lists were in the same rank, grade or division of the service and all received the same compensation, and the needs of the service would be better conserved by having only one list; that the secretary was ordered to make a single list of desk sergeants, detective sergeants and patrol sergeants, and the persons on the three lists should rank in the consolidated register or list in the order of said percentages; that a consolidation was made and a single list prepared; that the consolidated list was made by giving to each person who had passed an examination on either of the three lists the position on the consolidated list to which his percentage entitled him; that the examination for the different lists had been upon a different basis and gave different weight to different features of the examination; that the effect of the consolidation of the three lists was to put others before the petitioners in the consolidated list and prevent the certification and appointment of the petitioners by certifying others ahead of them with higher percentages; that forty-five other persons, including the thirty-four appellants, had been certified and appointed from

the consolidated list; that if the consolidation had not been made the petitioners would have been certified and appointed to positions of the rank or grade for which they, respectively, took the examinations, but by reason of the consolidation the others were certified and appointed ahead of them; and that the consolidation was unlawful and void and should be set aside. The prayer was for a peremptory writ commanding the civil service commissioners to vacate and set aside the order of consolidation; the general superintendent of police to notify, in writing, the civil service commissioners of all vacancies existing or created since November 9, 1906, in the separate lists in the positions known as desk sergeant, patrol sergeant and detective sergeant; the civil service commissioners to certify the names eligible for promotion from the separate lists as they existed prior to the order for consolidation, and to certify the names of Voss, Blaney and Gavin for the position of desk sergeant and Reilly for the position of patrol sergeant; the general superintendent of police to promote them upon such certification and notify the civil service commissioners of their promotion and appointment and the city comptroller to place their names on the pay-roll of the city for such positions.

The record is in a most confused condition and it is difficult to make any intelligible statement of its contents. It shows, however, that on February 15, 1908, the court overruled a demurrer of the city, and on February 17, 1908, overruled a demurrer of certain officers, leaving another demurrer, and perhaps other pleadings, undisposed of, and ordered the peremptory writ as prayed for, with a judgment for costs against defendants. Afterward, on April 4, 1908, the record recites that the petition was dismissed as to the appellants and certain other defendants, to which exception was taken; that the court overruled the demurrer of the city and its officers and again awarded the peremptory writ and rendered judgment for costs against the city and its officers. On that day a bill of exceptions was filed re-

citing matters which are a part of a common law record, without any bill of exceptions. Finally, on May 6, 1910, the court ordered that the order of April 4, 1908, be entered *nunc pro tunc* as of February 17, 1908.

Only parties to a suit can appeal, because that is a privilege conferred by statute which is only given to parties, and if it be considered that the effect of the *nunc pro tunc* order was that the appellants were not parties when the judgment was rendered, they could not appeal. But a writ of error is not so limited in its application. It is the beginning of a new suit for the correction of errors of inferior courts, and may be prosecuted as a matter of right in all civil cases by any one who is either a party or privy to the record, or who is injured by the judgment or will be benefited by a reversal, or is competent to release error. (*Anderson v. Steger,* 173 Ill. 112.) In that case the court ordered the defendant in a bill for divorce to pay to the clerk, for the use of the solicitor for the complainant, $1028 for solicitor's fees. The Appellate Court reversed the decree, and the solicitor was not a party to the suit in either court. His client refused to take an appeal from the judgment of the Appellate Court, but he was permitted to prosecute a writ of error from this court because he was injured by the judgment of the Appellate Court. The general rules were stated in that case, and it cannot be doubted that substantial legal rights of the appellants, who held the positions which they occupied, were directly put in issue and collaterally determined in the *mandamus* suit. The decision that the consolidation was illegal was a decision that the appellants were not legally appointed. But whether they would have had a right to the writ apart from the provisions of the act governing that proceeding or not, their right must be considered in the light of such provision. Of course, it is essential that all necessary parties shall be joined as defendants in the original proceeding, and the Mandamus act provides that if any other person than the original defend-

ant shall appear to the court to have or claim any right or
interest in the subject matter, such person may be made a
defendant, and may be summoned and appear and plead,
answer and demur in the same manner as if he had been
made a defendant in the original petition.

In *Powell* v. *People,* 214 Ill. 475, we considered a ques-
tion substantially like the one here involved. That was a
proceeding by *mandamus* against the civil service commis-
sioners, and the petition alleged that they had certified for
the appointment of chief sanitary inspector Charles B. Ball,
who was not eligible because a non-resident, and he had
been appointed and inducted into said office under the cer-
tification. The prayer was for a writ commanding the com-
missioners to withdraw the certification and to certify the
relator, who was next on the list. The court awarded the
writ and the judgment was reversed because Ball was not
made a defendant, and if the judgment had force and effect
according to its command, the effect would be to cancel the
certification of Ball and deprive him of the legal right and
authority to hold his position. That case is not distin-
guished from this by saying that there was here no com-
mand to put the appellants out of their positions, since there
was no command in that case to remove Ball, and the trial
court would have had no power to do so if it had made the
attempt. If the judgment in this case is to have effect, the
consolidation is to be set aside and the lists restored as they
were on November 9, 1906, thereby determining that ap-
pellants were not legally appointed. The purpose of the
provision in the Mandamus act is that the rights and in-
terests of all parties claiming any right or interest in the
subject matter shall be adjudicated and determined in a
single action, and in *People* v. *Blocki,* 203 Ill. 363, where
there was a petition for *mandamus* to compel the com-
missioner of public works to remove switch tracks from a
street, we held that the court properly permitted an occu-
pant of land adjacent to the tracks to become a party. The

appellants are as much interested in the subject matter of this suit as the petitioners, the interest of the petitioners being to set aside the consolidation and the interest of the appellants being to maintain it. The right of the appellants to hold their positions depends upon the success of the defense. They are the only ones having any valuable or substantial interest in maintaining the consolidation. Their case is not at all like that of Winstanley, which was passed upon in this court in *Winstanley* v. *People*, 92 Ill. 402. In a *mandamus* proceeding to compel the payment of money by the county collector to the relator, Winstanley filed a so-called interpleader claiming the money, and it was held that the Mandamus act did not give any person claiming an interest in the subject matter of the proceeding the right to interplead and become a plaintiff or relator asking for affirmative relief. It was held that the act contemplated bringing in persons to defend against the relator, and not for another coming in as plaintiff or actor and making a triangular suit. It was said that Winstanley appeared in the attitude of one who insisted on becoming plaintiff in a suit he did not bring, and if he deemed himself entitled to the money he might have brought his action for it. That is not the case here, where the appellants were not seeking any affirmative relief, but, having an interest to defend the resolution and consolidation, were made defendants for that purpose. They assigned for error in the Appellate Court, among other things, the order of the court dismissing the petition as to them as well as the judgment whereby their rights were collaterally determined. A judgment in a cause to which the appellants had ceased to be parties would not be *res judicata* as to their rights and interests, and some subsequent proceeding would be required to oust them from their positions, as in the case of Ball, perhaps resulting in different opinions and contrary judgments of courts of concurrent jurisdiction; but if the judgment in the *mandamus* suit had been different and had sustained the

consolidation and the certification and appointment of appellants they would have been secure in their positions so far as the relators were concerned. They would therefore be directly benefited by a reversal of the judgment.

The Appellate Court erred in dismissing the writ of error, and its judgment is reversed and the cause is remanded to that court, with directions to consider and decide upon the errors assigned.

*Reversed and remanded, with directions.*