## The People of the State of Illinois, ex rel. William Voss et al., Defendants in Error, v. James D. O'Connell et al., Plaintiffs in Error.

### Gen. No. 16,748.

MANDAMUS—*when dismissal of defendants improper.* It is improper to permit the dismissal of defendants out of a mandamus proceeding where they have been adjudged to have a material interest in the pending controversy and their continuance in the proceeding is the only way by which under the conditions existing they can obtain an adjudication of their rights.

Error to the Superior Court of Cook county; the HON. BEN M. SMITH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Reversed and remanded. Opinion filed April 19, 1912.

FYFFE & ADCOCK, for plaintiffs in error.

HOYNE, O'CONNOR & IRWIN, for defendants in error; CARL J. APPELL, of counsel.

MR. JUSTICE CLARK delivered the opinion of the court.

The writ of error in this case brings up for review the judgment entered in a mandamus proceeding. The case has received the attention of this court on two occasions, and that of the Supreme Court in one in-

stance. Voss et al. v. Prentiss et al., 154 Ill. App. 609; People ex rel. Voss et al. v. Elton Lower et al., Civil Service Commissioners et al., 162 Ill. App. 305; People ex rel. Voss et al. v. O'Connell et al., 252 Ill. 304.

The published opinions above referred to detail with considerable fullness the facts in the case, and it will therefore not be necessary to restate all of them in this opinion. It is sufficient to say that a petition for a writ of mandamus was filed at the relation of certain policemen against the then Civil Service Commissioners, Chief of Police, Comptroller of the City of Chicago, and the City of Chicago, the purpose being to cause to be set aside an order of the Civil Service Commission under which a consolidation was effected of three separate lists or registers of persons eligible for certification to fill by promotion vacancies in the so-called offices of desk sergeants, patrol sergeants and detective sergeants of the police department of the city of Chicago. By the action of the civil service commissioners it was sought to do away with the distinction in the three classes of sergeants in so far as the examination was concerned, and to certify for promotion the names of patrolmen in the order in which the names should appear in the one list after such consolidation. The relators insist in their petition that by the order of consolidation their rank in the list was lower than it had been in the list of applications for the position of desk sergeant, for which position they had previously taken the examination. The petition was amended from time to time, and, either upon their petition or at the instance of the relators, about 44· police officers were made defendants, some 34 of whom are now appearing as plaintiffs in error in the proceeding under consideration.

On February 8, 1908, a fourth amendment to the petition was filed. The record shows that this amendment was made in pursuance of a stipulation entered

into by the parties to the suit, which stipulation provided that "the defendants' demurrer filed herein on the twenty-ninth day of June, A. D. 1907, stand as demurrer to said amended petition as amended." The only document filed in the case on June 29th was the demurrer of the civil service commissioners, the chief of police, the city comptroller, and the city of Chicago. The fourth amendment adds a paragraph, being No. 22, to the petition and also amends the prayer so that under it relief is asked only against the officers of the city who filed the demurrer heretofore referred to. On February 17, 1908, the record would seem to show the demurrer in question was overruled and the prayer of the petition was granted and a judgment entered in accordance therewith.

At this time, so far as the record originally showed, the plaintiffs in error were still defendants in the case. On April 4, 1908, an order was entered dismissing the plaintiffs in error and others out of the case, and a writ of mandamus was awarded with judgment for costs, the judgment being to the same purport and effect as the judgment entered February 17, 1908. On May 6, 1910, an order was entered correcting the records of the court so as to make the order of April 4, 1909, a *nunc pro tunc* order as of February 17, 1908. Before the last mentioned order was entered an appeal was taken to this court, which was dismissed on the ground that the order of April 4, 1908, was a nullity, the Superior Court being without jurisdiction, and for the further reason that the appellants (some of whom are now the plaintiffs in error) were not prejudiced by the order of February 17, 1908, because the judgment did not run against them, or if they were prejudiced by the entering of such judgment they were not entitled to appeal because the record did not show that any appeal had been prayed. After the decision so rendered by this court was filed, the plaintiffs in error prosecuted this writ of error. The writ of error

was dismissed (People ex rel. Voss et al. v. Lower et al., *supra*) because, as it appeared to this court, the plaintiffs in error were not shown by the record to have any substantial interest in the subject matter, and because the judgment of the court was not *res adjudicata* as to them inasmuch as they had been dismissed from the case. A certificate of importance was granted and an appeal to the Supreme Court taken. That court disagreed with us (People ex rel Voss et al. v. O'Connell et al., *supra*) and remanded the case to this court with directions to consider and decide upon the errors assigned. The court held:

"Only parties to a suit can appeal, because that is a privilege conferred by statute which is only given to parties, and if it be considered that the effect of the *nunc pro tunc* order was that the appellants were not parties when the judgment was rendered, they could not appeal. But a writ of error is not so limited in its application. It is the beginning of a new suit for the correction of errors of inferior courts, and may be prosecuted as a matter of right in all civil cases by any one who is either a party or privy to the record, or who is injured by the judgment or will be benefited by a reversal, or is competent to release error."

The court further held:

"The appellants (plaintiffs in error in the Appellate Court) are as much interested in the subject matter of this suit as the petitioners, the interest of the petitioners being to set aside the consolidation and the interest of the appellants being to maintain it. The right of the appellants to hold their positions depends upon the success of the defense. They are the only ones having any valuable or substantial interest in maintaining the consolidation. . . . They assigned for error in the Appellate Court, among other things, the order of the court dismissing the petition as to them as well as the judgment whereby their rights were collaterally determined. A judgment in a cause to which the appellants had ceased to be parties would not be *res ad-*

*judicata* as to their rights and interests, and some subsequent proceeding would be required to oust them from their positions, as in the case of Ball, perhaps resulting in different opinions and contrary judgments of courts of concurrent jurisdictions, but if the judgment in the *mandamus* suit had been different and had sustained the consolidation and the certification and appointment of appellants they would have been secure in their position so far as the relators were concerned. They would therefore be directly benefited by a reversal of the judgment.''

We come now to consider the assignments of error, which are eight in number. The first is to the effect that the court erred in overruling the motion of some of the plaintiffs in error to strike out and expunge certain portions of the amended petition in said cause; the second, that the court erred in overruling the demurrer of the City of Chicago to the amended petition of February 8, 1908; third, that the court erred in overruling the demurrer of the civil service commissioners, the general superintendent of police, the city comptroller, and the City, to the amended petition; fourth, that the court awarded the peremptory writ upon the amended petition; fifth, that the court erred in entering a judgment for costs against the defendants the civil service commissioners, the general superintendent of police, the comptroller and the City of Chicago; sixth, that at the time of the awarding of the peremptory writ of mandamus as prayed for in petitioners' amended petition of February 8, 1908, the court on motion of petitioners ordered that these plaintiffs in error be dismissed from said cause and said cause be discontinued as to them; seventh, that the court entered judgment awarding the writ without considering or determining various issues of law and fact raised by the pleadings of these plaintiffs in error; eighth, that the court overruled the several motions made in arrest of judgment by the plaintiffs in error.

In view of the opinion of the Supreme Court, we

think the sixth assignment of error, namely as to the dismissal of the plaintiffs in error from the cause as defendants, is the only assignment we can at this time properly pass upon.

On February 8, 1908, the fourth amendment to the mandamus petition was filed. On February 15th the record shows that the cause came on to be heard upon the demurrer of the defendant the City of Chicago to such amended petition, and that the demurrer was overruled, and that defendant, the City of Chicago, elected to stand by its demurrer. On February 17th the court, after overruling the demurrer of the civil service commissioners, the general superintendent of police and the comptroller, and the general demurrer of seven other individual defendants, some of whom are among the plaintiffs in error here, ordered the issuance of the peremptory writ of mandamus. On April 4, 1908, the record shows that all of the defendants other than the civil service commissioners, the general superintendent of police, the comptroller and the City of Chicago, were dismissed from the cause, and the court having heard arguments on the demurrer of the defendants last mentioned and overruled the same, and they having elected to stand by their demurrer, it was ordered that a peremptory writ of mandamus be issued as prayed for against the defendants.

If the order of April 4, 1908, was by the order of May 6, 1910, properly entered *nunc pro tunc* as of February 17, 1908, then on the last mentioned date all of the defendants were dismissed from the cause excepting those against whom the judgment ran, viz.: the civil service commissioners, the general superintendent of police, the comptroller and the City of Chicago. The case was not then pending upon any other pleadings than the petition and the demurrer of the defendants last mentioned. No order was entered requiring the other defendants to plead, answer or de-

mur to the petition as last amended. None of the plaintiffs in error, so far as we are able to determine from the record, adopted the demurrer that was interposed. Some of the plaintiffs in error had answered and some had demurred to the petition as it stood prior to the last amendment, but these answers and demurrers were not considered by the court, presumably for the reason that they became nugatory inasmuch as all of the plaintiffs in error had been dismissed as defendants.

It has now been determined by the Supreme Court, after a careful inspection of the record, that the plaintiffs in error have a material interest in the result of the litigation; that their right to hold their positions depends upon the success of the defense, and that they are the only ones having any valuable or substantial interest in maintaining the consolidation. It follows therefore that they should have an opportunity to demur to or answer the petition and should have a hearing. Until this has been done it would not, in our opinion, be proper for us to pass upon the other questions raised by the various assignments of error.

It is to be remembered that the civil service commissioners, the general superintendent of police, comptroller and City of Chicago, have, so far as the record shows, acquiesced in the judgment as rendered. They did not seek to appeal, nor did they sue out a writ of error. If, irrespective of the coercion exercised by the judgment, the civil service board has deemed it best to continue the plan formerly existing, it is questionable whether the plaintiffs in error can compel a return to the plan of a consolidated list. It is certain they can obtain no affirmative relief in the present case as against the other defendants or their successors.

We feel therefore that there should be a rehearing of the case in the Superior Court; that the plaintiffs in error should be let in to answer or demur; and that

such judgment should then be rendered as, under the pleadings and proof—if proof be taken—the rights of the parties demand under the altered conditions.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*