THE PEOPLE *ex rel.* The City of Chicago, Appellant, *vs.* THE SKANDIA INSURANCE COMPANY *et al.*—(ELWIN W. LAW, Appellee.)

*Opinion filed February 24, 1928.*

1. INSURANCE—*mandamus will lie to compel agent of a foreign fire insurance company to make report to city.* Where a city has adopted an ordinance requiring foreign fire insurance companies to pay a tax or license fee in accordance with the provisions of the act of July 1, 1895, (Smith's Stat. 1923, p. 325,) *mandamus* is the proper remedy to compel the agent of such company to make a report of the gross receipts or premiums. (*People* v. *Commercial Union Fire Ins. Co.* 322 Ill. 326, followed.)

2. SAME—*death of defendant foreign fire insurance agent does not abate right of city to compel report of premiums under act of 1895.* Death of a defendant foreign fire insurance agent does not abate the right of a city to compel by *mandamus* the making of a report of premiums received by the agency for the purpose of fixing a license fee under the act of 1895 and an ordinance adopted pursuant thereto, but under section 8 of the Mandamus act the defendant's successor in office may be made a party defendant and the writ may be directed against him.

3. SAME—*foreign fire insurance company is a proper party defendant to suit by city to compel agent to make report of premiums under act of 1895.* Under the act of 1895 authorizing cities having a fire department to fix a tax or license fee on fire insurance agencies doing business within the city, and under an ordinance adopted by a city pursuant thereto, the insurance company is a proper party defendant to a petition by the city for *mandamus* to compel the agent of the company to make a report of premiums received by the agency on which to base the license fee.

DUNN and THOMPSON, JJ., dissenting.

APPEAL from the Circuit Court of Cook county; the Hon. PHILIP L. SULLIVAN, Judge, presiding.

FRANCIS X. BUSCH, Corporation Counsel, LEON HORNSTEIN, and BULKLEY, MORE & TALLMADGE, (CLAIR E. MORE, C. PAUL TALLMADGE, and HIRAM T. GILBERT, of counsel,) for appellant.

BATES, HICKS & FOLONIE, and SILBER, ISAACS, SILBER & WOLEY, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

The People of the State of Illinois, on relation of the city of Chicago, filed in the circuit court of Cook county a petition for *mandamus* against the Skandia Insurance Company, a foreign fire insurance corporation, and George W. Law, its agent in Chicago. Law died March 13, 1922, and Elwin W. Law thereafter became the agent of the Skandia Insurance Company as the successor of George W. Law, and an amended petition was filed against the insurance company and Elwin W. Law seeking to compel the latter, as such agent and successor, to file with the city of Chicago a full, true and just account and report, under his oath, of all the gross receipts and premiums upon risks in the State of Illinois received by George W. Law, his predecessor, or any other person for him, in behalf of the Skan-

dia Insurance Company, upon fire insurance effected in the city for the years ending on the first day of July, 1900, to 1919, both inclusive.

The petition contains substantially the following averments: The Skandia Insurance Company has been engaged in the fire insurance business, making contracts for, and issuing policies effecting fire insurance upon, risks and hazards in the State of Illinois, both within and without the city of Chicago, since 1900. George W. Law was its agent in Chicago and in the State from 1900 until his death. Since that time Elwin W. Law has been and now is his successor and acting agent of the company. During that time there was by ordinance established and maintained in Chicago a fire department for the prevention of fire. During the years 1900 to 1916, both inclusive, George W. Law wrongfully and unlawfully neglected and refused to render to the city of Chicago or file any report or account whatever concerning his gross receipts for fire insurance in the city, and he and his company refused to pay any sum whatever or any part of the rates imposed by the city for the benefit of its organized fire department and for license to transact a fire insurance business in the city. During the years of 1917, 1918 and 1919 George W. Law failed to discharge his legal duty to file and render to the city a just and true account of the gross receipts by him received for fire insurance for insurance issued in said city, and the insurance company did not pay the sum of two per cent of the gross receipts for such insurance to the city of Chicago, as provided by its ordinance. On the contrary, during those years he reported for fire insurance premiums received by him for the company only the sums of $70,148, $85,829 and $101,018, respectively. Said reports are false and incorrect, as the receipts greatly exceed those sums for said years. For those three years George W. Law and the insurance company paid the city of Chicago, on the basis of said false and untrue reports, two per cent for license

to do business in the city and unlawfully withheld a large amount of income and revenue to which the city was lawfully entitled under its ordinance, not only for those years but for the years from 1900 to 1916, both inclusive.

The petition further sets forth that it is based upon the ordinance of Chicago and an act of the legislature entitled, "An act to enable, cities, towns and villages organized under any general or special law to levy and collect a tax or license fee from foreign fire insurance companies for the benefit of organized fire departments." (Smith's Stat. 1923, p. 325.) Under the provisions of that act foreign fire insurance companies doing an insurance business in municipalities in this State having an organized fire department may be required by ordinance to pay annually a sum not exceeding two per cent of the gross receipts received by the agency in such town, city or village for the maintenance, use and benefit of the fire department of the same. It also provides that every person who shall act as agent or otherwise for or on behalf of such fire insurance company in any municipality shall, on or before July 15 of each year, render to the city clerk a full, true and just account of all the premiums received by such agent, or any other person for him, in behalf of any such foreign company for the year preceding, ending on July 1: The act also provides that such agent shall pay the amount fixed by the municipal ordinance, not exceeding two per cent, as chargeable against the companies represented by such agent. The petition also sets out the ordinance of the city of Chicago pursuant to the above act, providing that any such corporation, company or association not incorporated under the laws of the State of Illinois, which is engaged in the city in effecting fire insurance, shall pay the city collector for the maintenance, use and benefit of the fire department of the city two per cent per annum of the gross receipts received for premiums by any and all of its agents during the year ending on every first day of July for such insurance effected.

or agreed to be effected in the city by or for it during such year; that every person acting in the city as agent for such company shall, on or before July 15 of every year, render to the comptroller a full, true, just and verified account of all premiums received by him, or any other person for him, in behalf of any such corporation, company or association during the year ending July 1 preceding such report, and that such agent shall also, at the time of rendering such report, pay to the city collector the sum of money for which such company, corporation or association is chargeable by the ordinance. The ordinance provides a penalty of not less than $25 nor more than $200 for every violation of it, and that it shall be unlawful for any such corporation, company or association to engage in effecting fire insurance or to transact any business of fire insurance in the city while in default by not fully complying with the ordinance, until such requirements shall have been fully met, etc. The ordinance was in full force and effect during all the years aforesaid. The state of the company's accounts, the amount of the gross receipts, gross premiums, fire insurance business and fire insurance premiums must be and as a matter of fact are peculiarly and exclusively within the knowledge, possession and control of the defendant, and the petitioner has no other full, complete and adequate remedy by which can be determined the amount of the tax so withheld, other than by requiring the defendant to render full, just and true accounts and reports herein demanded.

To the petition as amended Elwin W. Law filed a general and special demurrer. The court sustained the demurrer, dismissed the petition and entered judgment for costs against petitioner. The latter has appealed to this court.

There are a number of points presented for decision on this appeal that were decided by this court in *People* v. *Commercial Union Fire Ins. Co.* 322 Ill. 326. Some of those questions are: (1) Whether or not *mandamus* will lie in a case of this character; (2) if *mandamus* is a

proper remedy, what should be the scope of the return; (3) whether or not the city is barred by *laches;* and (4) whether or not the right of the city in this case is one in the nature of a private right or incidental to governmental duty. There were other issues decided in that case which are also raised in this case. Those questions were decided in that case upon substantially the same briefs and arguments that are presented in this case, therefore the decision thereon in that case is controlling in this case.

It is contended by appellee, Elwin W. Law, that upon the death of George W. Law, the agent of the insurance company from 1900 to 1922, this suit abated, and that he cannot be compelled to answer for his predecessor or to file returns for him extending over a long previous period of time. This contention cannot be sustained. The city has a right to have the report made to it to which it was entitled, under the ordinance, from George W. Law as agent. It is not now possible to obtain such report from George W. Law. It is the duty of the insurance company to have that report made, and if it should fail or refuse to do so it might be prohibited, both under the ordinance and the statute, from transacting any further fire insurance business in Chicago until that requirement has been complied with. We agree with appellee's contention that it is the intent of the statute and the ordinance that each agent shall report the gross amount of premiums that have been received by him or for him for his insurance company and that he shall pay therefrom the amount of the license to the city for the company, but we cannot agree that the death of the agent abates either the right of the city to have the report made or the license to be so paid. The insurance company was therefore properly made a defendant in this case. It is contemplated by the statute and ordinance that such foreign fire insurance companies, corporations or associations shall cause their agents in Chicago to report the gross premiums and to pay therefrom the license fees chargeable to their

principals. The Skandia Insurance Company is therefore interested in the subject matter of this suit and is properly made a party defendant. *People* v. *O'Connell*, 252 Ill. 304.

Appellee, as the successor of George W. Law, agent, was also properly made a party to the suit, as he, as such successor, became custodian of all the records of the Chicago office kept by George W. Law, as agent of the insurance company. He was therefore in a position to be of service in making the report, and can and should be required to make up a complete report so far as this may be done by reference to the books and records in the Chicago office. Besides, section 8 of the statute on *mandamus* provides that death, resignation or removal from office of any defendant shall not have the effect to abate the suit but a successor may be made a party thereto, and any peremptory writ may be directed against him.

Appellee's further contention that the petition is so defective that the relief therein prayed should not be granted because it merely pleads conclusions and is wanting in allegations of sufficient facts is not tenable.

We have set forth substantially the main facts set out in the petition but not all of them, and we hold for the foregoing reasons that the petition is sufficient and that the court erred in sustaining appellee's demurrer and dismissing the petition.

The judgment of the circuit court is reversed and the cause remanded, with directions to re-instate the cause, overrule the demurrer and rule appellee to answer.

*Reversed and remanded, with directions.*

DUNN and THOMPSON, JJ., dissenting.