THE PEOPLE *ex rel.* E. C. Akin, Attorney General,

*v.*

ADOLF KRAUS *et al.* Civil Service Commissioners.

*Opinion filed December 22, 1897.*

1. The principal questions involved in this proceeding are settled by the decision in *People ex rel.* v. *Kipley,* (*ante,* p. 44.)

2. MANDAMUS—*mandamus will lie to compel civil service commissioners to make classification.* Mandamus will lie to compel civil service commissioners to make a classification of service which has been judicially determined to be in accordance with the requirements of the Civil Service act.

PHILLIPS, C. J., dissenting.

ORIGINAL petition for *mandamus.*

EDWARD C. AKIN, Attorney General, (SMITH, BLAIR & SMITH, EDWIN BURRITT SMITH, and MURRY·NELSON, Jr., of counsel,) for petitioner.

THOMAS A. MORAN, JOHN W. ELA, and LEVY MAYER, for respondents.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The questions involved in this proceeding are settled and determined by the decision of this court in the case of *People ex rel.* v. *Kipley,* (*ante,* p. 44.)

Only the three civil service commissioners, Adolf Kraus, Hempstead Washburne, and Dudley Winston, are made respondents in this case. The respondents here raise no question as to the constitutionality of the Civil Service act, but defend its constitutionality. They do not rely upon or defend but attack the ordinance of June 28, 1897, set up by the plea filed in the *Kipley case, supra.*

The respondents here merely take the ground, that certain positions subordinate to the chiefs or heads of the six principal departments of the city of Chicago are not included in the classified list, and are exempt from the provisions of the Civil Service act, or in other words, that such subordinate positions are embraced within the exceptions named in section 11 of the Civil Service act. We are of the opinion, for the reasons stated in the *Kipley case, supra,* that this contention of the respondents can not be sustained.

Some objection is made to *mandamus* as the proper remedy in the case at bar. The present respondents were appointed civil service commissioners by the mayor of the city of Chicago after the resignation of one of the original civil service commissioners, and the removal of the two others. The original commission adopted rules, and made a classification, and indicated certain offices and positions as being within the exceptions named in

section 11 of the act. The new commissioners, appointed in 1897, took the ground that the exceptions made by their predecessors should be increased and enlarged, and that there should be a different classification from that already adopted in certain respects. The positions, which the present respondents have claimed to be within the exceptions in section 11, are indicated in their answer filed in this case and in their opinion attached to and made a part of said answer. The positions so claimed by them to be excepted are also specified in the petition in the present case, and need not here be specifically enumerated.

The petition herein prays that a writ of *mandamus* may issue to the respondents, directing them to place the positions and places, by them in their opinion and action of May 22, 1897, attempted to be taken out of the classified service, in the classified service as provided in the Civil Service act, and commanding them to bring such positions and places within the operation of the provisions of the act. The writ of *mandamus* will lie to compel civil service commissioners to make a classification which may be judicially determined to be correct. In *Chittenden* v. *Wurster*, 152 N. Y. 345, which was a case arising under the Civil Service act of New York where the classification was made by the mayor, it was held that, if the mayor of a city refused to do his duty in making classification of the civil service positions, or if he did it improperly, he might be compelled by *mandamus* to do it in accordance with the requirements of the statute. An order will be entered, that the writ of *mandamus* issue against the respondents in this case in accordance with the prayer of the petition.

*Writ awarded.*

Mr. CHIEF JUSTICE PHILLIPS, dissenting.