JOSEPH POWELL *et al.*

*v.*

THE PEOPLE *ex rel.* Perry L. Hedrick.

*Opinion filed February 21, 1905—Rehearing denied April 6, 1905.*

1. MANDAMUS—*one whose rights are shown by petition to be involved should be made a party.* In a proceeding for *mandamus,* when a person is shown to be within the jurisdiction of the court and shown to have a legal interest which will be collaterally determined by the judgment if rendered as prayed in the petition, the court is without jurisdiction to adjudicate the cause until such person has been made a party.

2. PARTIES—*when want of a necessary party requires reversal without plea or objection.* Omission of a necessary party to a petition for *mandamus,* which appears upon the face of the record, requires the reversal by the Supreme Court, of its own motion, of a judgment awarding the writ, notwithstanding no plea based upon such omission was filed and no objection is made by either party calling attention to the omission.

3. SAME—*party to be removed from office is a necessary party to mandamus.* In a *mandamus* proceeding against the civil service commissioners to compel them to cancel the certificate of eligibility of an officer appointed by them, remove him from office and certify the name of the petitioner in his stead, the officer to be removed is a necessary party, without whom the court has no jurisdiction to award the writ.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

MACLAY HOYNE, (EDGAR BRONSON TOLMAN, Corporation Counsel, of counsel,) for plaintiffs in error.

FARLIN H. BALL, for defendant in error.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was a petition for *mandamus,* filed in the superior court of Cook county by the defendant in error, the People of the State of Illinois, on the relation of Perry L. Hedrick, against the plaintiffs in error, the civil service commissioners of the city of Chicago.

The petition alleged that on January 12 and 13, 1904, examiners appointed by the civil service commissioners to conduct an examination for eligibles for appointment to the office of chief sanitary inspector of the city of Chicago, completed such examination and certified as "passed and qualified" for said position the names of Charles B. Ball, Perry L. Hedrick, (the relator,) George A. Johnson and Thomas S. Ainge, and that the plaintiff in error commissioners placed the names of said persons so found to be qualified for the position upon the list of eligibles, and posted and published said list as a proper list of eligibles to the alleged office of chief sanitary inspector. It was further alleged that said Ball, Johnson and Ainge were each non-residents of the State of Illinois; that Ball and Johnson were residents and citizens of the State of New York and that Ainge was a resident and citizen of the State of Michigan. It was further alleged in the petition that section 6 of article 7 of the constitution of 1870 prohibits the appointment of any person not a resident of the State of Illinois to the said office of chief sanitary inspector, and that by an enactment of the General Assembly adopted June 21, 1895, entitled "An act to amend an act entitled 'An act to provide for the incorporation of cities and villages,' " (1 Starr & Cur. Stat. 1896, p. 723,) it was provided that persons who had not resided in the city or village for at least one year should not be eligible to any office in such city or village, and that by reason of the said constitutional provision and said statutory enactment the said Ball, Johnson and Ainge were ineligible to appointment to said

position;. that the relator was a citizen of the United States and of the State of Illinois, and had resided in the said State of Illinois for more than one year next preceding, and was a qualified elector of the said city of Chicago and was in nowise disqualified to be appointed to said office; that it became the duty of the said civil service commissioners to certify the name of the relator for appointment as chief sanitary inspector of said city; that he served upon the said plaintiff in error commissioners a written demand to so certify him for said appointment; that the said demand was refused and that the name of said Charles B. Ball was certified by the said commissioners, and the said Ball was appointed to the said alleged office of chief sanitary inspector, and has been inducted into said office and was discharging the duties thereof. · The petition prayed for a writ of *mandamus* commanding the said civil service commissioners "to strike from said list of eligibles the said Charles B. Ball, George A. Johnson and Thomas S. Ainge, to cancel and withdraw their certification to the commissioner of health of said Ball, and to certify to said commissioner of health of the city of Chicago, for appointment as chief sanitary inspector, Perry L. Hedrick, the relator." The plaintiffs in error filed their answer to the petition, but the court sustained a demurrer thereto, to which action of the court the commissioners excepted and elected to abide their answer. Judgment was entered ordering that a peremptory writ of *mandamus* issue commanding respondents to strike from the civil service list of eligibles for chief sanitary inspector, Charles B. Ball, George A. Johnson and Thomas S. Ainge, and to cancel and withdraw their certification to Arthur R. Reynolds, commissioner of health of the city of Chicago, of Charles B. Ball for said office of chief sanitary inspector, and forthwith certify to said commissioner of health for appointment as chief sanitary inspector, the petitioner. This is a writ of error to bring the judgment of the superior court into review in this court,

The purpose to be attained by the petition is to declare the said Ball, Johnson and Ainge to be ineligible to hold or exercise the duties of chief sanitary inspector, and the effect of the judgment entered by the trial court, if it has force and effect according to the findings and command thereof, is to cancel the certification of said Ball for appointment to the position and to deprive him of further right or authority to hold and exercise the duties of the place or receive the salary or emoluments thereof. It appeared from the face of the petition, and also from the findings of the judgment, that said Ball was exercising the duties of the position in the city of Chicago and was within the jurisdiction of the superior court, before whom the proceeding was pending, and that he was therefore a necessary respondent to the petition. In 13 Encyclopedia of Pleading and Practice, concerning the persons necessary to be made respondents to a petition for *mandamus,* it is said (p. 656) : "All persons whose rights will be affected by the proceeding are necessary respondents." In *Wright* v. *Kelly,* (Idaho,) 43 Pac. Rep. 565, it was ruled that "courts will not, upon summary proceedings in *mandamus,* determine the constitutionality of statutes fixing the rights of third persons not parties to the suit." In *Dement* v. *Rokker,* 126 Ill. 174, which was a proceeding in *mandamus* against certain of the officers of the State composing the commissioners of contracts, and others, to compel the payment of money claimed to be due the petitioners under a printing contract of the State, a person who was interested in the contract was not made a party petitioner, and we said (p. 190) : "Under our statute a *mandamus* proceeding is an action at law, and it is therefore governed by the same rules of pleading that are applicable to other actions at law. (Rev. Stat. 1874, chap. 87, sec. 1 ; 2 Starr & Curtis, 1584; *People* v. *Glann,* 70 Ill. 232.) Hence, when the petition is to enforce a private right, the petitioner must be the party in interest. (*Pike County* v. *People,* 11 Ill. 202.) Necessarily, therefore, the writ will not be granted when parties are shown to have

a legal interest in the contract sought to be enforced who are not before the court, and whose rights will be collaterally determined by the judgment if rendered as prayed."

In a proceeding for *mandamus,* when a party is shown by the petition to have a legal interest in the right or duty sought to be enforced by the writ and that the rights of such party will be collaterally determined by the judgment if rendered as prayed in the petition, the cause should not be adjudicated until such party shall be made respondent thereto, when, as in the case at bar, he is shown to be within the jurisdiction of the court. That the said Ball is a proper and necessary party to the proceeding appears affirmatively on the face of the petition and of the answer and of the judgment entered in the superior court. When such want of proper parties in the trial court appears upon the face of the record brought into this court, the defect, unless in some way waived, will necessitate a reversal of the judgment in this court. The petitioner, in his petition, disclosed that a necessary respondent had been omitted. A plea was not, therefore, necessary to bring the fact before the trial court. (*Cummings* v. *People,* 50 Ill. 132; *Sandusky* v. *Sidwell,* 173 id. 493.) In the former case we said: "This defect in the declaration [the omission of a necessary party] could have been reached by general demurrer or by motion in arrest of judgment, and can now be availed of on error."

The omission of Ball as a necessary respondent could not be waived by any of the parties to the proceeding. They may be willing to submit the matter for decision without him as a party, but that would not invest the trial court with jurisdiction over him or with power to adjudicate as to his rights. Ball is not interested in this proceeding merely as one who has interests or rights the enforcement or preservation whereof may be controlled by a rule or principle of law to be announced in the case, but the purpose of this proceeding and the prayer of the petition, and likewise the command of the judgment entered in the superior court, are,

that the name of Ball shall be stricken from the list of eligibles for chief sanitary inspector, and that the civil service commissioners shall cancel their certificate to the commissioner of health for the appointment of the said Ball and shall certify the petitioner for appointment to the office now held by said Ball.

The error into which the superior court fell in adjudicating as to the rights and interests of Ball without having jurisdiction of his person need not be called to the attention of this court or urged by either of the parties to the record. The pleadings disclosed that he was interested and that it was sought to adjudicate upon his rights, and the record disclosed that the superior court was wanting in jurisdiction of his person, and consequently lacking in power to legally adjudicate and determine whether his certificate of eligibility was legal and binding or whether it should be canceled as invalid and its place taken by a certificate to be issued for the relator. The want of jurisdiction and power in the superior court appeared upon the face of the record and remains inherent in the judgment rendered in that court, and cannot be removed or obviated by any judgment entered in this court on that record, hence it is the duty of this court, on its own motion, to decline to proceed to the consideration of the cause in the absence of the party who is directly and materially interested in the litigation. The judgment of the superior court should be reversed and the cause remanded, to the end that jurisdiction may be acquired over all persons who have the right to be heard before judgment is pronounced.

Whether any such office as chief sanitary inspector legally exists seems fairly debatable so far as this record touches the question, but that is also important and material to the rights of Ball, and is therefore not considered because he is not a party to this proceeding.

For the reasons indicated the judgment will be reversed and the cause remanded.          *Reversed and remanded.*