## The People of the State of Illinois ex rel. William M. Rutter, Appellant, v. Harry A. Lipsky et al., Appellees.

### Gen. No. 27,001.

1. STATUTES—*consideration of entire statute and its object in construing.* In construing a statute of doubtful meaning, the court will endeavor to ascertain the intention of the legislature, by considering the entire statute and the necessity, reason and object for the enactment.

2. CIVIL SERVICE—*applicability of Civil Service Act to forest preserve districts.* Section 8 of the Forest Preserve Act (Laws of 1913, p. 388, Cahill's Ill. St. ch. 57a, ¶ 8) must be construed to provide that all officers and employees of the district are to be appointed by the board of commissioners of the district, and that all such persons except the treasurer and attorney shall be under civil service regulations as provided by section 9 of the Act (Cahill's Ill. St. ch. 57a, ¶ 9), and section 9 means that whenever a forest preserve district is located in any county of the State where the employees are subject to the civil service law, then the employees of the forst preserve district shall be subject to the provisions of the Civil Service Act and selected in that manner, which construction of the statute effects the intention of the legislature.

3. CIVIL SERVICE—*forest preserve district not necessary party to mandamus proceedings to classify positions.* In mandamus pro-

ceedings brought to compel a forest preserve district to classify positions, hold examinations, etc., as required by the Civil Service Act, where the prayer of the petition is that the civil service commissioners be required to hold examinations and create eligible registers, the forest preserve district is not a necessary party.

Appeal from the Circuit Court of Cook county; the Hon. DONALD L. MORRILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1921. Reversed and remanded with directions. Opinion filed May 17, 1922. Rehearing denied June 1, 1922.

RUSSELL WHITMAN, ALFRED T. CARTON and HENRY F. TENNEY, for appellant.

ROBERT E. CROWE and W. H. DUVAL, for appellees; HAYDEN N. BELL, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

William M. Rutter, a citizen and taxpayer of Cook county, Illinois, filed a petition praying for a writ of mandamus to compel the defendants, as Civil Service Commissioners of Cook county, to classify all of the places of employment of the forest preserve district of Cook county, and that they be required to hold examinations and to create eligible registers of all applicants who were eligible for appointment to the several places. A demurrer was sustained to the petition and it was dismissed, to reverse which this appeal is prosecuted.

The question to be decided is whether the officers and employees of the forest preserve district come within the provisions of the Civil Service Act of Cook county [Cahill's Ill. St. ch. 34, ¶¶ 66(9)-66(43)]. If the Civil Service Act applies to such officers and employees, it seems to be conceded that the petition was sufficient and, therefore, it will be unnecessary for us to set forth the allegations of it.

Sections 8 and 9 of the Forest Preserve Act (Laws

of 1913, p. 388, Cahill's Ill. St. ch. 57a, ¶¶ 8, 9) are as follows:

"Section 8. The board of commissioners appointed in pursuance of the provisions of this Act shall be the corporate authority of such forest preserve district and shall have power to pass and enforce all necessary ordinances, rules and regulations for the management of the property and conduct of the business of such district. Such board shall have power to appoint a secretary and treasurer and such other officers and such employees as may be necessary, all of whom, except the treasurer and attorneys shall be under civil service rules and regulations, as provided for by section 9 of this Act. * * *

"Section 9. Whenever the county in which any such forest preserve district is located shall be governed by any law regulating its civil service and the method of selecting its employees, in every such case all employees of such forest preserve district except the treasurer and attorneys shall· be selected in the manner provided by the law regulating the civil service in such county and all such employees shall be subject at all times to the provisions of such Act."

The Civil Service Law of Cook county was enacted by the legislature in 1895. (Laws of 1895, p. 137 *et seq.*, Cahill's Ill. St. ch. 34, ¶ 66(1) *et seq.*) That law amended section 61 of chapter 34 of the statutes. Paragraph 9 of that section [Cahill's Ill. St. ch. 34, ¶ 66(9)] provides that: "All officers and employes of the county of Cook, in the classification hereinafter provided for, * * * shall be appointed by the president of the board according to the provisions of this section." By paragraph 10 [Cahill's Ill. St. ch. 34, ¶ 66(10)] it is made the duty of the president of the county board to appoint three civil service commissioners, and by paragraph 12 [Cahill's Ill. St. ch. 34, ¶ 66(12)] it is provided that such commissioners "shall classify all the offices and places of employment in said county with reference to the examinations hereinafter provided for, except those offices and

places mentioned in the twentieth paragraph of this section. The offices and places so classified by the commission shall constitute the classified civil service of said county, and no appointments to any of such offices or places, or removals therefrom, shall be made, except under and according to the rules hereinafter mentioned." By the nineteenth paragraph of that section [Cahill's Ill. St. ch. 34, ¶ 66(19)] it is provided that: "The head of the institution, department or office in which a position classified under this act is to be filled, shall notify the president of the board and said commission of that fact, and said commission shall certify to the appointing officer the name and address of the candidate standing highest upon the register for the class or grade said position belongs to. * * * Said appointing officer; meaning thereby the president of said board, shall notify said commission of each position to be filled separately, and shall fill such place by the appointment of the person certified by said commission therefor. * * *"

It is the contention of the defendants that the employees of the forest preserve district are not subject to the civil service law because Cook county, in which the district in question is located, is not "governed" by any civil service law, and that before such employees would be under civil service the county in which the forest preserve district is located must be governed by a civil service law as provided for by section 9 of the Forest Preserve Act; that under the law as it now exists but very few of the employees of Cook county are under civil service because paragraph 19 of section 61, above referred to, expressly limits the application of the civil service law to those employees of Cook county who are appointed by the president of the county board, and, therefore, since but few of the employees of Cook county are under civil service, Cook county is not governed by any civil service law, and, therefore, the demurrer to the petition was properly

sustained. The defendants further argue that the employees of the forest preserve district do not come within the provisions of the Civil Service Act because they are appointed by the board of commissioners of the forest preserve district and not by the president of the county board, and since there is no warrant in law for the appointment of the forest preserve employees by the president of the county board, the civil service law is not applicable. From the foregoing it follows that the question before us for determination turns on the construction of sections 8 and 9 of the Forest Preserve Act taken in connection with the Civil Service Act.

What was the intention of the legislature in enacting the law in question? "The intention of the lawmakers is the law. This intention is to be gathered from the necessity or reason of the enactment and the meaning of the words, enlarged or restricted according to their real intent. (*Cruse v. Aden,* 127 Ill. 231.) In determining the meaning of a statute the court will always have regard to existing circumstances, contemporaneous conditions, the objects sought to be attained by the statute and the necessity or want of necessity for its adoption." *Hoyne v. Danisch,* 264 Ill. 467. In the case of *People v. Gaulter,* 149 Ill. 39, the court said (p. 47): "Where the meaning of a statute is doubtful, a court will endeavor to ascertain the intention of the legislature in framing it. This intention may be ascertained by considering the whole act, and construing one part by another, and one clause with reference to its connection with other clauses. * * * Statutes are not always interpreted according to the letter, but according to the intent and meaning. A thing within the intention is within the statute, though not within the letter; and a thing within the letter is not within the statute, unless within the intention. Where a particular construction will lead to an absurd consequence, it will be presumed that some exception or qualification

was intended by the legislature to avoid such conclusion. In seeking to discover the legislative intent, every feature of the Act, from which aid can be derived, will be looked at.''

In construing sections 8 and 9 in accordance with the rules laid down in the authorities cited, we should endeavor to give some meaning and effect to all the words used. Section 8 provides that all of the officers and employees of the district are to be appointed by the board of commissioners of the district, and that all of such persons except the treasurer and attorney shall be under civil service rules and regulations as provided for by section 9 of that Act. And by section 9 we think the legislature meant that wherever the forest preserve district was located in any county of this State and the employees of that county were subject to the civil service law, then the employees of the forest preserve district should be subject to the provisions of the Civil Service Act and selected as near as may be as is provided by the Civil Service Act. The commissioners of the forest preserve district are invested with the management of the property of the district and the appointment of its employees, and the head of any institution or department of such district may notify the board of commissioners of the district that an employee is needed, and may also notify the civil service commissioners, and the appointment made as provided for by the Civil Service Act. Adopting this construction we give effect to all parts of the act and to the intention of the lawmakers.

The defendants further contend that the forest preserve district was a necessary party to this proceeding, and since it was not made a party defendant the demurrer was properly sustained and the petition dismissed. While a similar question does not appear to have been squarely passed upon, the cases of *People v. Kraus*, 171 Ill. 130, and *People v. Errant*, 229 Ill. 56, mandamus proceedings brought only against the

civil service commissioners, are somewhat analogous. The prayer of the petition in the instant case is that the civil service commissioners be required to hold examinations and to create eligible registers. In these circumstances we think the forest preserve district was not a necessary party.

The judgment of the circuit court of Cook county sustaining the demurrer and dismissing the petition is reversed and the cause remanded with directions to overrule the demurrer.

*Reversed and remanded with directions.*

THOMSON and TAYLOR, JJ., concur.