(No. 26940.—Reversed and remanded.)
THE PEOPLE *ex rel.* Maybel M. Markee, Appellee, *vs.*
GEORGE F. BARRETT, Attorney General, *et al.,* Appellants.

*Opinion filed May 20, 1943.*

WILSON, J., dissenting.

GEORGE F. BARRETT, Attorney General, (WILLIAM C. WINES, of counsel,) for appellants.

MICHAEL F. RYAN, (RICHARD F. McPARTLIN, JR., of counsel,) for appellee.

Mr. JUSTICE SMITH delivered the opinion of the court:

The appellee, Maybel M. Markee, filed an amended complaint in the circuit court of Cook county against George F. Barrett, Attorney General of the State of Illinois, and the members of the State Civil Service Commission for a writ of *mandamus.* The prayer of the complaint was that she be ordered restored to her position of "senior stenographer appropriated for under the title of court reporter by the Sixty-second General Assembly of the State of Illi-

nois." She also asked that appellants be compelled to pay her the salary "lawfully appropriated therefor" from July 15, 1941, the date of her dismissal from the position to which she sought to be reinstated. Appellants filed a motion to dismiss the amended complaint. The motion was sustained in part and overruled in part by the trial court. Appellants elected to abide by their motion, and, accordingly, the court entered judgment in conformity with the prayer of the amended complaint. From that judgment appellants filed their petition for leave to appeal to this court. Appellee filed a motion to dismiss the petition for leave to appeal. Leave to appeal having been allowed by this court, the motion to dismiss the appeal is no longer before us.

Appellee now insists that the appeal should be dismissed because of the failure of appellants to file a brief complying with the rules of this court. While we think appellant might have convenienced the court in filing a formal brief, under a liberal construction of rule 32(1) of this court where a petition for leave to appeal has been granted it is permissible for the appellant to have his petition stand as his brief on the appeal, whether the petition asks for leave to appeal from the trial court or from the Appellate Court.

The gist of the appellee's amended complaint sets forth the following facts: Having successfully passed a proper examination, she was certified and appointed in 1930 to fill a vacancy in the position of senior stenographer in the classified service and was assigned to the Chicago office of the Attorney General, where she faithfully, efficiently, and diligently performed her duties until July 15, 1941. On December 15, 1931, she passed an examination for the position of court reporter. The positions of senior stenographer and those of court reporter have been classified by the Civil Service Commission as positions in the classified service. Both positions are in the same line, type and

character of work, both requiring the taking of dictation at a high rate of speed, transcribing notes rapidly and accurately, and handling correspondence and clerical work. The position occupied by the plaintiff has, since 1929, been appropriated for under various titles, including that of "law stenographer" and "senior stenographer," although the duties appertaining to both these positions are substantially the same, such duties consisting of the taking of testimony of witnesses and arguments of counsel, as well as duties incidental to such work. Appellee made detailed allegations as to her qualification for such a position, also that the duties performed by persons classified as "court reporters" and "senior stenographers" are substantially the same, and that those persons designated as "court reporters" have been paid from biennium appropriations made for "law stenographers" or "senior stenographers." On July 15, 1941, plaintiff was notified by the Attorney General that the appropriation for "senior stenographers" had been decreased, that he must, therefore, reduce his staff, and for that reason was dismissing her.

It is further alleged that since the plaintiff's dismissal the Attorney General has caused the payment of bills to A. M. Rothbart, a "private court reporting firm," out of moneys from the appropriation of $8550 "specifically made for the payment of salaries and wages of court reporters." Plaintiff further charges that at the time of filing of the complaint there were persons employed in the office of the Attorney General under the title of "senior stenographer" who were appointed to such positions or duties subsequent to the date when the plaintiff was certified and appointed, wherefore the plaintiff charges that the statutory provisions with respect to seniority have been violated.

Appellants contend that the judgment of the trial court was erroneous because of the failure to make necessary parties defendant to the petition; that the position to which the appellee seeks restoration has been abolished; and if

the judgment were allowed to stand, it would command the disbursement of public funds in double payment for the services rendered. It is the claim of appellee that the duties of "senior stenographer" and "court reporter" are being performed by the private court reporting firm of A. M. Rothbart and by persons who were certified and appointed "senior stenographers" on dates subsequent to the date when appellee was certified and appointed to that position, in violation of the provisions of the Civil Service Act. Also that such persons are receiving payment from the appropriations made for "senior stenographers" and "court reporters." It is the contention of the appellants that under such circumstances both A. M. Rothbart and the two "senior stenographers," who were civil service employees in the Chicago office of the Attorney General had a right to be heard on these questions, and were necessary parties to the proceeding.

The court sustained the motion to strike paragraph 8 of the complaint and that paragraph was stricken. The motion was overruled as to the balance of the complaint. The defendants were ruled to answer. For failure to answer according to the rule, judgment *nil dicit* was entered.

By paragraph 8 of the complaint it was alleged, in substance, that the duties of "senior stenographer" and "court reporter" were the same; that appellee was entitled to be restored to her former position whether such position be classified as senior stenographer or court reporter. There was no appeal from the order striking that paragraph of the complaint. It, therefore, became final and is not subject to review on this appeal. As a result of that order the questions of whether the positions of senior stenographer and court reporter are the same, and whether appellee is entitled to be restored to a position as court reporter, even though her position as senior stenographer has been abolished, have been settled adversely to appellee. Those questions are no longer issues in the case.

In this state of the record the only issue remaining is whether appellee is entitled, on the face of her complaint, to be restored to the position of senior stenographer.

From the complaint it appears that in the appropriations for the 1941-1943 biennium, an appropriation was made for only two senior stenographers in the Chicago office of the Attorney General. In the appropriations for the 1939-1941 biennium, an appropriation was made for seven senior stenographers, in that office. It thus appears from the complaint that five of the positions of senior stenographer, appropriated for in the appropriations for the 1939-1941 biennium, were abolished by the reduction of the appropriations for such positions for the 1941-1943 biennium. This left only two positions of senior stenographer appropriated for in the 1941-1943 biennium.

By paragraph 10 of the complaint, it is alleged that there are persons employed in the Chicago office of the Attorney General, under the title of senior stenographers, who were certified and appointed as senior stenographers subsequent to the date on which plaintiff was certified and appointed as senior stenographer; that by reason of appellee's seniority she is entitled to one of such positions now held by others; that the action of the Attorney General in laying off appellee and retaining as senior stenographers those with less seniority, violated the provision of the Civil Service Act and that plaintiff is entitled to be restored to one of such positions of senior stenographer for which appropriations were made for the 1941-1943 biennium.

Thus, the issues remaining in the case after the court struck paragraph 8 of the complaint, is whether the position which was held by plaintiff has been abolished and whether she is, by reason of her seniority, entitled to one of the positions of senior stenographer for which appropriations were made for the 1941-1943 biennium. It is obvious that if the order of the trial court be sustained,

at least one of the two senior stenographers now employed in the Chicago office of the Attorney General would have to be discharged. That being true, the senior stenographers now holding those positions had the right to be heard on these questions and were necessary parties to the proceedings. *People ex rel. Voss* v. *O'Connell,* 252 Ill. 304; *Powell* v. *People ex rel. Hedrick,* 214 Ill. 475.

Since the issue of whether the position of senior stenographer and the position of court reporter are the same, and the issue of whether appellee is entitled to be restored to a position of court reporter, even though her former position as senior stenographer has been abolished, are no longer in the case, those holding positions as court reporter were not necessary parties.

For the errors above indicated, the judgment of the circuit court is reversed and the cause is remanded to that court.

*Reversed and remanded.*

Mr. Justice Wilson, dissenting.

(No. 27134.—Reversed and remanded.)
The People ex rel. O. J. Chamberlain, County Collector, Appellee, vs. Chicago, Burlington & Quincy Railroad Company, Appellant.

*Opinion filed May 20, 1943.*