People of the State of Illinois ex rel. Rosemary Coryell, Appellee, v. George F. Barrett et al., Appellants.

Gen. No. 42,299.

Opinion filed November 17, 1943.

GEORGE F. BARRETT, Attorney General, for appellants; ALBERT E. HALLETT and WILLIAM C. WINES, Assistant Attorneys General, of counsel.

MICHAEL F. RYAN, of Chicago, for appellee; RICHARD F. McPARTLIN, JR., of Chicago, of counsel.

MR. JUSTICE KILEY delivered the opinion of the court.

This is a mandamus proceeding to reinstate plaintiff to the position of telephone operator in the Attorney General's office and compel approval of payrolls carrying her name. Defendants abided by their amended motion to dismiss, which was denied and appealed from the judgment on the complaint.

The motion admits facts well-pleaded. Plaintiff became a civil service operator in 1938, with the ordinary duties of operating a switchboard and giving information to visitors at the office of the Attorney General. The legislature appropriated $1,500 per annum for one telephone operator in the Attorney Gen-

eral's office for the biennium 1939 to 1941. For the next biennium $1,500 was appropriated for a clerk in that office, but no appropriation was made for a telephone operator and on July 15, 1941, plaintiff was discharged.

Plaintiff's complaint charges that the duties of a civil service telephone operator are being performed by a temporary clerk, after plaintiff's removal without cause, in violation of the civil service law; that there was no abolition of her position, but simply a change of title and that the position continues and she has a right to be restored to it.

Defendants contend that executing the writ would cause ouster of the incumbent, the clerk, without a right to be heard, in violation of the rule that whoever would be prejudiced or adversely affected must be made parties and that under the rule in *Powell v. People,* 214 Ill. 475, the Board was without jurisdiction since incumbent was not made a party.

Plaintiff says incumbent is a temporary political employee without right to the position and that fact distinguishes the *Powell* case, since the incumbent there was a civil service employee with civil service rights and also because there the relief prayed was directed at the incumbent's ouster, while here, plaintiff asks only reinstatement. The effect of the reinstatement it seems to us would be the same regardless of the specifications of the prayer. Plaintiff makes the same distinction as to the balance of cases cited by defendant and says that incumbent has no right under the real position of telephone operator, since she took no examination and has none under the nominal position since she depends for tenure upon the Attorney General's whim. Defendants say that, while their motion admitted all well-pleaded allegations, that the allegations that the incumbent is a usurper without right, is one which only incumbent could admit and that defendants were not competent to do so; and that the allegation presented an issue for determina-

tion whether plaintiff or defendant had the right to the position on which defendant certainly should be heard, as determination against her would oust her and that we can hold incumbent is not a necessary party, only by holding that the position of clerk is not the same as telephone operator, while if we hold that, plaintiff's case falls on the merits.

Defendants rely strongly on *People ex rel. Markee v. Barrett,* 383 Ill. 207. The court there said that there was no issue whether the position of senior stenographer and court reporter were the same, or whether plaintiff was entitled to restoration to the position of court reporter and, therefore, the court reporter was not a necessary party. The inference is, then, that since the issues here are whether the position of telephone operator and clerk are the same and whether plaintiff should be restored to the position of clerk, incumbent is a necessary party. We must consider, however, whether there is any distinction between the quality of incumbent's position and that of court reporter in the *Markee* case. Or, more precisely, whether incumbent has a legal right as the court reporter had. Defendants admit incumbent is not civil service. She has then, only such rights as her employer permits and no legal right to her place upon which she could maintain an action to force him to continue her employment against his will. Accordingly, there was no proper issue of any right in her, but only the question of plaintiff's right. The senior stenographers and the court reporter in the *Markee* case had legal rights, since the former was civil service and we assume the latter was employed by contract. The incumbent in the *Powell* case was civil service and the relief prayed for was cancellation of his certificate and, accordingly, those cases do not apply here. Incumbent was not a necessary party.

It is agreed that the civil service law protects the person in the post and if the post of telephone operator has been abolished, plaintiff has no right. The

question is not whether the Attorney General had improper motives, but what the legislature intended. It is agreed to that the terms "telephone operator" and "clerk" are not identical and defendants admit that there was no civil service classification for clerk. We must presume that the legislature meant clerk, not telephone operator, since they used the latter term in the 1939-41 Bill and the former in 1941-43. Plaintiff contends that the duties remain the same and that the legislature could not abolish the position therefor by simply changing the name. Question of duties is immaterial for the legislature did not define the duties of either. It established a clerkship in lieu of telephone operator. An administrator can impose on the legislature, but we cannot go behind the power of the legislature. It is common knowledge that department heads submit their requests to the legislature for inclusion in the appropriation bill and plaintiff says that while motives of the legislature cannot be attacked, the same is true of the city council, and the Supreme Court has refused to permit the city council to circumvent the civil service law. The fact that the Attorney General employs incumbent in the position of clerk, but doing the work of telephone operator, is expressive of the legislative intent that the duties should continue. In view of the common knowledge referred to hereinabove, it is suggested that the Attorney General by having the title changed sought to evade civil service for political reasons. The point is not relevant to our decision.

The legislature can change the names of positions and nullify civil service without cause or reason. It is not restrained from abolishing a position it has created, either by eliminating it entirely or by changing its name. The appropriation bill is the law and we must presume that the legislature knows the items which make up the bill and what the law is intended to do. Since there is no civil service post of clerk, it

must be presumed that the post of telephone operator was civil service and the clerk not, and its intention apparently was to change from one to the other.

Plaintiff's rights were attached to the civil service post and since it has been displaced by a non-civil service post those rights have been lost. We cannot declare the act of the legislature invalid because of individual injustice, if it had authority to act. *People v. Dunne,* 258 Ill. 441. We believe cases involving cities which have adopted the Civil Service Act are not helpful, for such cities are bound by the act, but the legislature is not. Plaintiffs point out that, if this is so, the result might be complete abolishment of the Civil Service Law. The possibility that such a catastrophe might happen does not justify holding that the legislature would have no such power. *People ex rel. Millner v. Russel,* 311 Ill. 96.

For the reasons given the judgment of the superior court is. reversed.

*Judgment reversed.*

Burke, J., concurs.

Hebel, P. J., took no part.