People of State of Illinois ex rel. John C. Ingles, Appellee, v. Maude Meyers, and Members of Illinois State Civil Service Commission, Appellants.

Gen. No. 45,434.

Opinion filed June 29, 1951. Rehearing denied July 20, 1951. Released for publication July 30, 1951.

IVAN A. ELLIOTT, Attorney General, of Chicago, for appellants; WILLIAM C. WINES, RAYMOND S. SARNOW, and JAMES C. MURRAY, Assistant Attorneys General, all of Chicago, of counsel.

ARTHUR L. ISRAEL, of Chicago, for appellee.

MR. PRESIDING JUSTICE KILEY delivered the opinion of the court.

This is a mandamus action to compel the State Civil Service Commission to call State Civil Service examinations; to expunge an alleged illegal rule from the Commission records and promulgate a new rule concerning promotional examinations; to demote five named state employees alleged to have been illegally promoted pursuant to the rule; to notify county clerks in the state of examinations and send them copies of Commission rules; and to prepare and publish supplementary annual reports and to include in the 1950 report, statements of temporary authorities granted or renewed. Defendants Hunter and Meyers moved to dismiss, or, in the alternative, to strike parts of the amended complaint. The trial court denied the motion to dismiss but struck part of the amended complaint. Defendants stood by the motion and relator stood by the amended complaint. The court entered judgment granting the relief prayed, less that based upon the stricken portion of the amended complaint. Defendants have appealed and relator has cross-appealed.

Plaintiff sues as a taxpayer to bring about an improvement in the character of state employees and to give the taxpayers "more for their tax dollar". He also sues as an "individual" who wants to take a civil service examination. The relief granted him as a taxpayer included the commands to expunge the noncompetitive examination rule; to demote five named state employees from Field Investigator, grade III, to grade II; to send copies of the rules of the Commission to the county clerks of the state; and to prepare and publish supplements to the Commission's annual reports for 1948 and 1949, and to include in the report of 1950, statements of temporary authorities granted or renewed in those years, together with pertinent facts. The relief granted plaintiff as an individual included the commands to call, conduct and grade within five months examinations for Field Investigator, grade I,

and Chemist, grade I; prepare eligible lists, etc.; and send notice of these examinations to county clerks in the state.

The questions raised by defendants' motion and passed upon by the trial court were the sufficiency of the amended complaint to state a cause of action and the sufficiency of paragraph 9 of the amended complaint to support the prayer for relief. The propriety of the trial court's rulings on these questions is before us on appeal. The effect of allowing defendants' motion to strike part of paragraph 9 was to narrow the relief prayed with respect to calling examinations to two of the fifteen positions listed. The cross-appeal is taken from this ruling. For the purpose of a convenient disposition of the case we shall first treat the amended complaint as though paragraph 9 had been left intact. In this way, should we find error in the court's ruling on the motion to dismiss, our disposition of the appeal will dispose of the cross-appeal.

██ The judgment order, so far as it commanded the defendants to demote the five named employees, is void. Those employees were necessary parties and were not joined as defendants. *Powell v. People ex rel. Hedrick,* 214 Ill. 475. Plaintiff relies upon *People v. Errant,* 229 Ill. 56, to sustain this part of the order. Suffice to say that in the *Errant* case there was no command to demote the incumbent.

Defendants' motion admits that the Commission passed the noncompetitive examination rule. It admits that the five named persons were promoted from Field Investigator, grade II, to grade III under that rule. It does not admit that the rule is illegal as in conflict with section 9 of the Civil Service Act. Section 9 provides that ''The commission shall by its rules provide for promotions . . . on the basis of ascertained merit and seniority in service and examination, . . .'' The noncompetitive rule provides by its terms

77

for a "non-competitive qualifying examination" and provides for "a consideration of ascertained merit and seniority . . ." The plaintiff alleges that when the five named employees were promoted there was no examination given nor an ascertainment of merit and seniority.

██ ██ There are no allegations from which we can reasonably infer that defendants have failed to perform, or have violated, a duty in which the public is interested and from which public harm has or will ensue, so as to give plaintiff or any other citizen a right to compel the expunging of the noncompetitive rule. We think these elements were necessary to justify the taxpayer's suit and that *People v. Harris,* 203 Ill. 272, on which plaintiff relies, supports our conclusion. True, the public is concerned with proper performance of duty by every public servant. This general concern is not sufficient in this case to warrant plaintiff's voluntary representation of the public. The facts in the *Harris* case and in *Pike County Com'rs v. People ex rel. Metz,* 11 Ill. 202, clearly show cause for public concern. In neither *People v. Lipsky,* 225 Ill. App. 243; nor *People v. Errant,* 229 Ill. 56, cited by plaintiff, was the right of the taxpayer to sue challenged.

The foregoing conclusion holds true for the allegations underlying the commands to send copies of the Commission rules to the county clerks, and to prepare and publish the supplements, etc. There are in the amended complaint only the bare allegations of the statutory duty and the failure of defendants to perform. The conclusions with respect to the annual reports "that there is a definite reason for the inclusion of this provision in the law", and that the commission has "wilfully disregarded the duty", do not aid the complaint. There is no allegation that the omissions were called to the attention of defendants or a demand made for the performance of the duty or any facts

78

alleged from which we can see public harm which plaintiff, as the public's representative, is seeking to prevent or repair.

We believe the amended complaint is insufficient to support the order granting plaintiff the relief he sought as a taxpayer. We turn now to the question of the relief granted him as an individual.

Relator's pertinent allegations with respect to relief granted him as an individual are that the positions of Field Investigator I and Food Chemist I were, among other positions, placed in the classified service; that section 6 of the Civil Service Act provides that public competitive examinations should be held for positions in the classified service; that section 7 required notice of such examinations be sent the county clerks in the state; that there are "other positions" in the State Department of Agriculture "such as . . . Chemist I . . ." for which examinations "have not been held for many years, in some cases, over 17 years"; that sufficient money has been appropriated and is unexpended to cover expenses of such examinations; that the Commission has the duty to "promptly" call the examinations for Field Investigator I and Chemist I; and that relator demanded of the Commission before suit that the examinations be called and "evasive answer received to such request".

The amended complaint does not allege whence the duty to "promptly" call the examinations comes or when the last examinations for Field Investigator I and Chemist I were called nor what the evasive answer of the Commission was, though perhaps we can presume from other allegations that the answer was in the negative. We think the allegations are insufficient upon which to find the defendants had the clear legal duty to call examinations for the two positions and insufficient to support the order for issuance of the writ. In none of the cases cited by plaintiff was a com-

79

mission commanded to call an examination on such vague allegations. The command to send notices of these examinations falls with the command to call these examinations.

It is our conclusion that the court was in error in denying the motion to dismiss. The amended complaint does not state a cause of action. This conclusion effectively disposes of the cross-appeal.

The order for issuance of the mandamus writ is reversed and the cause is remanded with directions to dismiss the amended complaint and to enter judgment for defendants' costs.

*Order reversed and cause remanded with directions.*

LEWE, J., concurs. FEINBERG, J., took no part.