(No. 45623.

JOHN BONER *et al.*, Appellees, v. ALAN A. DRAZEK, Director of Department of Personnel, Appellant.

*Opinion filed October 1, 1973.*

WILLIAM J. SCOTT, Attorney General, of Springfield (PAUL J. BARGIEL, Assistant Attorney General, of counsel), for appellant.

THOMAS F. LONDRIGAN and HERMAN G. BODEWES, both of Springfield, for appellees John Boner, *et al.*

JAMES M. DRAKE, of Springfield, for intervenors appellees.

MR. JUSTICE WARD delivered the opinion of the court:

This appeal arises out of a complaint filed on November 30, 1972, in the circuit court of Sangamon County against Alan A. Drazek, the then Director of the Department of Personnel of the State of Illinois, by several former employees in the office of the Secretary of State who were discharged in 1970. The complaint sought a permanent injunction restraining the defendant from certifying for civil service status certain probationary employees who had succeeded to the positions formerly held by the plaintiffs, and a judgment declaring that the provisions of the Personnel Code (Ill. Rev. Stat. 1971, ch. 127, par. 63b101 *et seq.*) under which the defendant had purported to act were unconstitutional. Upon the plain-

tiffs' application the court issued a temporary restraining order against the defendant on November 30, and on December 21 issued a temporary injunction. The defendant prosecuted an interlocutory appeal from the temporary injunction to the Appellate Court for the Fourth District, and the appeal was transferred to this court under the provisions of Rule 302(b).

The complaint alleged in count I that five of the named plaintiffs were former employees of the Secretary of State, and that following the appointment in October, 1970, of John W. Lewis, a Republican, as Secretary of State to fill the vacancy created by the death of his Democratic predecessor, Paul Powell, numerous employees of the Secretary, including the plaintiffs, were discharged "because of their political affiliation with the Democratic Party and because they refused to become Republicans or support the Republican Party." The complaint went on to allege that after the plaintiffs' discharge their positions were filled with Republican patronage appointments.

Under section 4c of the Personnel Code (Ill. Rev. Stat. 1971, ch. 127, par. 63b104c) certain positions, among them those under the Secretary of State, were initially exempt from the jurisdiction of the Department of Personnel, which administers the Code. Section 4b of the Code (Ill. Rev. Stat. 1971, ch. 127, par. 63b104b) provides a procedure for extending the Code to such exempt positions, and that procedure was followed in the present case: On February 16, 1972, the Secretary of State, as the officer in charge of appointments to his department, requested the Governor to extend the provisions of the Code to certain units in the Secretary's office. The necessary concurrence and approval of the Governor and the defendant were granted, and the defendant issued a rule by which the extension became effective as of April 1, 1972.

Paragraph (5) of section 4b provides that when civil service status is extended to new positions, the employees

then holding those positions shall be continued in them subject to certain conditions. The pertinent language of paragraph (5) is:

"(5) Employees *** shall be continued in their respective positions provided that they pass a qualifying examination prescribed by the Director within 6 months after such jurisdiction is extended to such positions, and provided they satisfactorily complete their respective probationary periods. Such qualifying examinations shall be of the same kind as those required for entrance examinations for comparable positions. Appointments of such employees shall be without regard to eligible lists and without regard to the provisions of this Code requiring the appointment of the person standing among the three highest on the appropriate eligible list to fill a vacancy or from the highest category ranking group if the list is by rankings instead of numerical ratings."

Section 4b has been implemented by rules adopted by the Department of Personnel. Rule 2—310 specifies that the probationary period shall be six months, and Rule 2—330 provides: "A probationary employee shall attain certified status only after he has successfully completed his probationary period. Notice of certification will be sent the employee and the agency by the Director."

The complaint alleged that the probationary periods of the employees who had been hired following Lewis's appointment and whose positions had been brought under the Code on April 1, 1972, would terminate on various dates between December 1, 1972, and January 8, 1973. The latter date coincides with the one on which those persons elected on November 7, 1972, to the offices of Governor and Secretary of State were to be inaugurated.

The complaint charged that the firing of the plaintiffs violated their rights to freedom of expression, due process of law, and the equal protection of the laws guaranteed by the Federal and State constitutions. The prospective certification of the plaintiffs' successors was also said to be unconstitutional, seemingly on the ground that it would, as it were, legitimatize the plaintiffs' illegal discharge by

creating a situation in which they would be denied the opportunity to be reinstated or to apply for employment. As an additional ground for challenging certification, the complaint alleged that the plaintiffs' replacements had not been given examinations in compliance with section 4b of the Code. The factual predicate for this allegation is not disclosed in the complaint, but from the plaintiffs' brief it appears that the point of objection is not an outright failure to give any examination at all but rather a failure to give examinations of the same kind as those given to new applicants under section 8b.1 of the Code (Ill. Rev. Stat. 1971, ch. 127, par. 63b108b.1).

Despite their allegation that their discharge had been unconstitutional, the plaintiffs did not include in their complaint a prayer that they be reinstated in their former jobs or a declaration that their discharge had been unlawful, and they did not name the Secretary of State as a party defendant. Nor did the complaint explicitly allege that the replacement of the plaintiffs with patronage employees was invalid. As noted previously, the relief sought, both permanent and temporary, was directed against the Director of the Department of Personnel and related only to the prospective certification of the plaintiffs' successors.

Count I of the complaint was brought by the plaintiffs not only on their own behalf but on behalf of all other former employees similarly situated. A parallel class action was framed in a second count, which was brought by another plaintiff who was not a former employee but who allegedly was qualified and desirous of employment in the office of the Secretary of State.

Prior to issuance of the injunction, the circuit court allowed a petition to intervene filed on December 11 on behalf of persons who allegedly had been employees in the office of the Secretary of State since prior to April 1, 1972, had passed their qualifying examinations, and had completed their probationary periods on various dates

between November 30 and December 6 but had received no notice of certification.

In specific terms, the injunction issued by the circuit court restrained the defendant from certifying probationary employees in the office of the Secretary of State to positions under the Personnel Code, from issuing notice of such certification to such employees, and from advising them that they had satisfactorily completed their probationary period or had otherwise acquired certified status. The injunction also contained, in paragraphs 4 and 5, certain additional provisions which had been inserted at the instance of the defendant. Paragraph 4 required that before discharging or demoting any probationary employee, or taking any other action which, in the case of a certified employee, would warrant an appeal to the Civil Service Commission, the defendant must notify the court of the action proposed to be taken. Paragraph 5 provided that as to matters not otherwise prohibited by the injunction all terms and conditions of the Personnel Code and the rules promulgated pursuant thereto should apply to those positions in the Secretary's office to which Code jurisdiction had been extended on April 1, 1972. The plaintiffs have taken a cross-appeal seeking the deletion of paragraphs 4 and 5. The intervenors, although taking no appeal from the issuance of the injunction, with leave given by this court have filed a brief as cross-appellees as to paragraphs 4 and 5.

In order to put the present proceeding in proper perspective, it is necessary to take note of a suit filed against the Secretary of State on January 23, 1971, in the United States District Court for the Southern District of Illinois by the Illinois State Employees Union and several individuals who are also former employees of the office of the Secretary of State. That suit, which was brought under the Civil Rights Act of 1871 (42 U.S.C. sec. 1983), was brought as a class action "on behalf of the entire class of union members employed by the Defendant, as Secretary

of State." The suit involves claims closely similar to those made here, for the plaintiffs there alleged that they had been fired by the Secretary in 1970 and 1971 because they were not, and refused to become, Republicans. Unlike the present case, however, the plaintiffs in that case brought their action against the Secretary, and, in addition to declaratory and injunctive relief, they sought reinstatement in their former jobs with back pay.

A decision of the district court awarding summary judgment to the defendant was reversed by the Court of Appeals for the Seventh Circuit on September 18, 1972, prior to the institution of the present proceeding. (*Illinois State Employees Union v. Lewis (7th Cir.), 473 F.2d 561.*) In reversing and remanding the case for further proceedings, the Court of Appeals held that the plaintiffs had alleged what was an "impermissible basis for their discharge" in the absence of certain justifications which the court found had not been established in the record before it. The United States Supreme Court denied *certiorari* on February 20, 1973 (*Lewis v. Illinois State Employees Union, 410 U.S. 943, 35 L. Ed. 2d 609, 93 S. Ct. 1364*), after briefs had been filed in the present appeal but before oral argument.

In the present appeal the only question involved is the propriety of the temporary injunction. Whether the plaintiffs' discharge was in fact unconstitutional, and, if so, whether the hiring of patronage employees as the plaintiffs' replacements, the extension of the Personnel Code to those replacements, and ultimately their certification were thereby rendered invalid are questions not now before us. Some of them, indeed, may not be determinable in this litigation, since they relate to actions which were taken or initiated by the Secretary of State, who is not a party, and because no relief with respect to them was requested from the circuit court. The decision in *Illinois State Employees Union v. Lewis* is therefore not controlling at this preliminary stage of proceedings, except so far as it may

tend to establish that the plaintiffs have satisfied the standard requirement for securing a temporary injunction, namely, that the plaintiffs raise a fair question as to the existence of the rights which they claim. (*Nestor Johnson Manufacturing Co. v. Goldblatt, 371 Ill. 570, 574; Schuler v. Wolf, 372 Ill. 386, 389.*) In this same connection we note that none of the parties treats the decision of the Court of Appeals for the Seventh Circuit as dispositive of this interlocutory appeal, and accordingly we confine this opinion to dealing with those grounds for reversal which have been presented by the defendant.

The first of these to which we turn is a contention that the complaint could not be filed as a class action, since the plaintiffs "do not constitute a proper class." The reason assigned is that the requisite community of interest in subject matter and remedy (see *Fiorito v. Jones, 39 Ill.2d 531, 542-3; Harrison Sheet Metal Co. v. Lyons, 15 Ill.2d 532, 538; Smyth v. Kaspar American State Bank, 9 Ill.2d 27, 44*) is lacking, since the former employees may individually have been both hired and fired for a variety of reasons. Although the defendant's brief speaks in terms of the impropriety of a class action, his argument seems to call in question as well the right of the named plaintiffs themselves to proceed jointly. The reasons for the original employment, however, are clearly not germane, and as to the discharges the complaint alleges that they took place because of political affiliation, an allegation which, so far, stands undenied.

We believe that the broad joinder provisions of sections 23 and 44 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, pars. 23, 44) clearly permit a single action to be maintained by several persons claiming that they were discharged from the same department at the same time and for the same reason. That being so, we perceive no reason why such a case may not be brought as a class action, with the resulting avoidance of a possible multiplicity of suits, at least where what is sought is only

injunctive relief. The plaintiffs do not presently seek reinstatement or money damages, and we intimate no opinion at this point as to whether a class action would be appropriate were that the case, nor, of course, do we express any view as to what form of relief might be proper in this or in some separate action should the plaintiffs succeed in establishing that one or more of the actions taken by the Secretary of State or the defendant were wrongful.

On this same aspect of the case the defendant maintains that the plaintiffs cannot legitimately be heard to complain of having been discharged, since there is no property right in public employment, citing our decision in *Levin v. Civil Service Com. of Cook County, 52 Ill.2d 516.* Whatever force there may be in that contention, particularly in view of the *Illinois State Employees Union* decision mentioned above, it is one which goes to the merits of the plaintiffs' claims, not to the propriety of a class action as a vehicle for asserting them. The defendant's further assertion that the plaintiffs' discharge, even if unlawful, does not entitle them to prevent the certification of their successors is also irrelevant to the point now under discussion.

The defendant also contends that the issuance of the temporary injunction was improper. The defendant preliminarily asserts, but without factual support in the record, that this injunction, by creating uncertainty on the part of the present employees may precipitate mass resignations and thus impair the efficiency of the Secretary's office with consequent injury to the interests of the public. The defendant's main thesis, however, is that the injunction was simply unnecessary, for if the plaintiffs should prevail on the merits, the certification of the probationary employees would automatically become "void *ab initio.*" Somewhat inconsistently, the defendant, joined by the intervenors, also argues that the injunction amounts to a futile act, since certification had already occurred by

virtue of the employees' completion of their six months probation.

The plaintiffs' response to the first of these arguments is that the probationary employees, if they should once achieve civil service status, would be insulated from any challenge to the validity of their appointment, and that the plaintiffs would thus be foreclosed from securing reinstatement. The supposed insulating effect of certification is based on the assumption that our decision in *People ex rel. Hurley v. Graber, 405 Ill. 331,* is applicable to the present situation. *Graber* involved a number of municipal civil service employees who had been advanced on the promotional eligibility lists by reason of having been awarded certain credits for military service under legislation which this court subsequently held unconstitutional in *People ex rel. Duffy v. Hurley, 402 Ill. 562.* Because of their new rank on the promotional lists these employees had been promoted to positions higher than those which they had formerly held, and their former positions had been filled by other persons. Following the *Hurley* decision the Civil Service Commission not only revised its registers by deleting the military credits, but also proposed to demote those employees who had been promoted before the *Hurley* decision had been handed down. In *Graber* the court held that such action could not be taken, since an appointment, once completed, could not be revoked by the appointing authority, and that the Commission could thereafter demote or remove an employee only for cause and pursuant to the provisions for notice and hearing prescribed by the governing legislation. 405 Ill. 331, at 343-348.

The situation here differs from that in *Graber* in several respects. It does not involve the promotion of any employee from one position in the civil service to another, and it would not necessarily eventuate in his loss of employment as distinguished from his loss of civil service status. Moreover, as a general proposition, the limitations

imposed upon an administrative agency cannot be taken as necessarily applying to a court under the circumstances alleged by the complaint herein. We therefore express no opinion at this preliminary stage of proceedings concerning the plaintiffs' apprehension that certification of the probationary employees would preclude the court from considering the circumstances of the plaintiffs' discharge, so far as those are deemed relevant, or from fashioning some appropriate remedy which would adequately vindicate their rights. We are likewise not called upon to consider the validity of the plaintiffs' assumption that reinstatement would necessarily be available to them so long as their former positions were occupied by employees lacking certified status.

It does not follow, however, that the temporary injunction can be characterized as unnecessary to the plaintiffs' protection. The major relief which the plaintiffs seek is a permanent injunction against the defendant, the subject matter of which would cease to exist had the defendant already performed the acts which the plaintiffs wish to prevent. In that event all that would remain in the way of relief would be a judgment declaring section 4b of the Code unconstitutional on one or another of the grounds charged. The defendant has not demonstrated how the entry of such a judgment would automatically rescind the certification of the probationary employees or how it would place the plaintiffs in a position as favorable as that which they have under the protection of the temporary injunction.

The plaintiffs' brief proceeds on the premise that a probationary employee cannot attain full civil service status without an affirmative act of "certification" by the Director of the Department of Personnel. The defendant and the intervenors take issue with that assumption. They point out that the Code does not so provide, and that even under Rule 2—330 the Director's function is limited to notifying an employee of his certification, a duty which

does not imply a power to withhold certification if the conditions for it have been met. On this theory the principle of the *Graber* decision would presumably come into play upon completion of the six months probationary period.

We do not find this argument persuasive. Paragraph (5) of section 4b, in addition to specifying that the employee shall have completed probation "satisfactorily," requires that he pass an examination, a condition precedent which the plaintiffs say has not been fulfilled. It thus appears that the defendant may possess some power to withhold certification to the extent that he has the power to determine whether a necessary condition for it has occurred. The temporary restraining order here was, in any event, issued prior to the date when the complaint alleges the probationary periods were to expire, so that even on the defendant's theory we are not confronted with an attempt to undo a completed certification. And even if notification from the defendant should be regarded as no more than a ministerial act, we cannot conclude on the record before us that its occurrence could not work to the disadvantage of the plaintiffs. We therefore hold that the circuit court did not abuse its discretion in issuing the temporary injunction.

The defendant also maintains that the failure of the plaintiffs to seek relief at the time of their discharge or, at the latest, when the extension of the Code was under consideration in 1972 bars them from injunctive relief on the ground of *laches*. The plaintiffs intimate that their delay was attributable to the pendency of the Federal court litigation. Be that as it may, a defense of *laches* has not been made out, since the defendant's motion to dismiss did not allege that the plaintiffs were aware of the extension proceedings at the time that these took place, and since it failed to show in what way the defendant was prejudiced by the plaintiffs' failure to proceed more expeditiously. *Cf. Baumrucker v. Brink, 373 Ill. 82, 87;*

*Andre v. Blackwell Electronics Industrial Co., 7 Ill. App. 3d 970, 976-7.*

The defendant's final contention is that the complaint was not properly verified. The verification was made by one of the plaintiffs in count I. It recites that he "has read the foregoing complaint by him subscribed and that the same is true to the best of his knowledge and belief." The defendant characterizes this language as the equivalent of a verification based on information and belief, which, according to the defendant, is insufficient to support a temporary injunction. (See *Will v. City of Zion, 225 Ill. App. 179, 184-5.*) So far as count I is concerned, the verification is not subject to the objection made to it. While it is not drawn in the customary language, the law imposes no set form. The verification clearly declares that the allegations are true "to the best of his [affiant's] knowledge \*\*\*." We may treat the word "belief" used therein as mere surplusage, and accept the verification as a positive one, not one based on information and belief. (*Smiley v. Lenane, 363 Ill. 66, 72; Hulse v. Nash, 332 Ill. 500.*) A fair reading of the verification shows it is limited to the allegations of count I, thus leaving count II unverified. Since each count seeks the same relief, this latter defect becomes immaterial, however.

There remain for disposition the plaintiffs' cross-appeal challenging the inclusion of paragraphs 4 and 5 in the order and the claim made by the intervenors that all the probationary employees of the Secretary of State should have been made defendants. As to the cross-appeal, the purpose of paragraphs 4 and 5 was to furnish protection against discharge and demotion to the plaintiffs' successors in office until the question of their right to certification can be adjudicated. Without these paragraphs those employees might practically be threatened with discharge, and we believe that a tailoring of the injunction sought by the plaintiff to fit the realities of the situation was within the equitable discretion of the trial court.

As to the matter of necessary parties, we note initially that the intervenors include the Illinois State Employees Association. The petition to intervene alleged that the Association's membership included numerous employees of the Secretary of State who would be entitled to certification pursuant to the extension rule of April, 1972, and the petition, which was filed and also granted on December 11, was drawn as a class action on behalf of all members of the Association who were also employees of the Secretary of State. The record discloses, moreover, that the intervenors participated actively in the proceedings below, and it does not appear that the issues which were before the court concerned any matters as to which there would be a relevant difference in circumstances between those employees who were represented and those who were not.

We have held in several cases that an incumbent is a necessary party in litigation, such as an action for *mandamus,* where a decision favorable to the plaintiff would in effect deprive the incumbent of his position, or where a decision going the other way would be beneficial to him. (*Powell v. People ex rel. Hedrick, 214 Ill. 475; People ex rel. Voss v. O'Connell, 252 Ill. 304; People ex rel. Markee v. Barrett, 383 Ill. 207.*) In the recent case of *Cordes v. Isaacs, 27 Ill.2d 383,* however, which was a suit for reinstatement by a former employee who alleged that he had been laid off under procedures not conforming to the Personnel Code, we held that it was not necessary to add as a defendant another employee who was performing some of the tasks formerly performed by the plaintiff since the reinstatement of the plaintiff would not displace the incumbent or adjudicate his employment rights.

Here the plaintiffs themselves, as has been pointed out, are not asking for reinstatement, and, so far as the complaint shows, they have not actually applied either for employment or to take an examination for the purpose of being placed on an eligibility list. That fact alone would not compel a conclusion that, with respect to a hearing on

the merits, some probationary employees might not become necessary parties, since it is the impact on their employment status rather than on that of the plaintiffs which is decisive. Thus, for example, assuming that the plaintiffs have standing to raise the question (*cf. People ex rel. Ingles v. Meyers, 344 Ill. App. 74*), a question as to whether a probationary employee had successfully passed a proper examination might warrant the circuit court in granting a request to make such an employee a party.

No objection was made in the circuit court to a lack of necessary parties, and we think that with respect to the temporary injunction which was issued here, containing, as it did, provisions affording protection to the probationary employees, there was no need to name all of such employees as parties defendant at this point. The number of them does not appear of record, but it may well be quite large; the defendant's brief offers a figure of some 3,000. At this stage of the proceedings no employment rights of the incumbents have been shown to be affected adversely, and under our decision in *Cordes v. Isaacs* we hold that the objection made by the intervenors is not well taken.

For the reasons given, the order of the circuit court of Sangamon County is affirmed.

*Order affirmed.*